No. 25188.

The People of the State of Colorado *v.*
Colleen G. Van Nocker.
(490 P.2d 697)

Decided November 15, 1971.

Duke W. Dunbar, Attorney General, John P. Moore,
Deputy, L. James Arthur, Assistant, for The People of
the State of Colorado.

Respondent pro se.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The attorney respondent, Colleen G. Van Nocker, was
the subject of a formal complaint by the Attorney Gen-
eral, charging her with behavior contrary to the highest
standards of professional conduct. The Grievance Com-
mittee of the Supreme Court conducted a formal hearing
on the complaint and made its report, which sets forth
its findings, conclusions, and recommendations. The re-
spondent appeared pro se at the hearing. On the basis
of its findings of fact, the Grievance Committee con-

cluded that the respondent was "guilty of the grossest type of negligence and irresponsibility" in the handling of certain matters for clients. It is the recommendation of the Grievance Committee that the respondent be suspended from the practice of law for an indefinite period. In our view the findings of fact require no less a sanction than idefinite suspension from the practice of law, and accordingly we adopt the recommendation of the Grievance Committee.

The respondent filed exceptions to the report of the Grievance Committee. However on motion of the Attorney General the exceptions were ordered stricken because of the respondent's failure to support them by a reporter's transcript or such portions thereof as would be necessary to enable this court to pass upon the exceptions. The last page of the exceptions entitled "Conclusions" was not stricken. Also the respondent was allowed a period of sixty days within which to re-file exceptions and a transcript. At the conclusion of this period the respondent informed this court by letter that exceptions would not be refiled.

In brief, the Grievance Committee found from the evidence presented at the hearing that in early 1968 a Mr. and Mrs. Boston sought the services of the respondent for the purpose of preparing their 1967 federal and state income tax returns. W-2 forms and self-employment records were turned over to respondent, who prepared the returns and caused Mr. and Mrs. Boston to sign them. A small additional payment of tax was required in connection with the federal return. A check payable to the Internal Revenue Service was written for the required amount and the returns and check were left with the respondent for mailing. At this time a fee was paid to respondent for her services.

Sometime thereafter Mrs. Boston noted that her check to the Internal Revenue Service had never cleared her bank, and upon inquiry also learned that neither of the 1967 returns had been filed. Mrs. Boston made repeated

efforts to contact the respondent who never returned her phone calls or answered her letters.

In early 1969, Mrs. Boston made contact with respondent who agreed to prepare the 1967 returns for the second time, and also respondent agreed to prepare 1968 returns. The 1967 and 1968 returns were prepared, were signed, and Mrs. Boston furnished the respondent with checks to the Internal Revenue Service for the 1967 and 1968 additional taxes. Mrs. Boston was assured by respondent that these returns and these checks would be mailed to the federal and state revenue departments.

During the ensuing period it was again discovered by Mrs. Boston that both the 1967 and 1968 returns were not on file and that her checks had not cleared her bank. Concerted efforts were made by Mrs. Boston to contact the respondent by phone calls and letters with negative results.

Respondent testified at the hearing that either she or her husband must have mailed the returns and checks of Mrs. Boston to the federal and state revenue departments. None of the checks and none of the returns had reached either of these departments as of the date of the hearing.

Also Mrs. Boston had the respondent prepare her will which was executed. A fee was paid the respondent for this service. The respondent was instructed by Mrs. Boston to file it in Douglas County, but shortly thereafter this instruction was revoked and Mrs. Boston requested that the will be mailed to her. It was never sent to her. Belatedly, it was delivered by the respondent to Mrs. Boston at the time of the Grievance Committee hearing.

■ In its appraisal of this respondent's dealings, as shown from the foregoing summary of the findings of fact, the Grievance Committee stated that the respondent appeared to be totally oblivious to her obligation to render the services for which she was paid. This crass irresponsibility or callous indifference in the handling of a client's affairs is inexcusable under any circum-

stances. It justified to the fullest extent the conclusion of the Grievance Committee that "the combination of these acts shows a total inability to properly practice law and the combined acts are contrary to the highest standards of honesty, justice and integrity."

The respondent is hereby suspended indefinitely from the practice of law in the State of Colorado. Costs in the amount of $159.67 are assessed against the respondent who shall have 90 days to pay these costs at the office of the Clerk of the Supreme Court.