The PEOPLE of the State of
Colorado, Complainant,

v.

Arthur J. KANE, Jr.,
Attorney-Respondent.

No. 81SA230.

Supreme Court of Colorado,
En Banc.

Nov. 17, 1981.

Philip A. Harley, Disciplinary Prosecutor, Denver, for complainant.

Arthur J. Kane, Jr., pro se.

HODGES, Chief Justice.

Mr. Kane, you appear before this Court at this time to be publicly censured.

A hearing committee of the Supreme Court Grievance Committee conducted a full hearing on a complaint alleging violations by you of the Code of Professional Responsibility.

After the conclusion of the hearing, findings of fact, conclusions and recommendations were submitted to this Court by the Grievance Committee.

It was found that in 1979 you appeared before a Denver District Court Judge after an order was issued to you to show cause why you should not be held in contempt for failure to pay child support. During cross-examination, you answered a series of routine questions by the opposing attorney and also testified that you had been ordered to pay $250 per month for child support. When asked if you would agree that you had made no payments under the Court's order, you refused to answer and invoked the Fifth Amendment. At that point in the proceedings, the Judge declared a brief recess to allow the opposing attorney time to obtain a record of your payments from the Clerk of the District Court. After a fifteen minute recess, the Court reconvened; however, you failed to appear. The Court was required to again declare a recess in order to give your attorney an opportunity to locate you; however, without success.

The Denver District Court Judge testified before the hearing committee that he called the recess for the sole purpose of allowing the attorney to obtain records regarding your payments of child support and that this fact was obvious to all participants.

The Judge thereupon issued a warrant for your arrest; however, in spite of repeated efforts, the Denver Sheriff's Department was unable to serve the warrant upon you.

The findings of fact set forth that thereafter a contempt hearing was held before another Denver District Court Judge and during this hearing, you conceded that you had been avoiding service of the warrant, and you made similar admissions at a later court proceeding. Subsequently, you were found to be in wilful contempt of court and sentenced to serve ninety (90) days in jail.

However, it was provided that you could purge yourself by paying into the registry of the Denver District Court certain arrearages in your child support payments.

The hearing committee concluded that your conduct was prejudicial to the administration of justice and that you had wilfully failed to appear in the Denver District Court after a recess during a hearing on a contempt citation issued to you. We adopt the findings and approve the recommendation of our Grievance Committee that you be publicly censured. We have also reviewed the exceptions you have filed to the report of the Grievance Committee.

Mr. Kane, you are hereby publicly censured for your above described conduct, which is clearly in violation of DR1–102(A)(5) and DR7–106(A) of the Code of Professional Responsibility. This conduct by you as an attorney and officer of the Court is reprehensible and cannot be condoned.

You are ordered to pay the cost of the proceedings before the Grievance Committee of this Court in the sum of $89.53. This amount must be paid by you to the Clerk of the Supreme Court within sixty (60) days of this date.

QUINN, J., does not participate.