The PEOPLE of the State of
Colorado, Complainant,

v.

Arthur J. KANE, Jr., Respondent.

No. 82SA336.

Supreme Court of Colorado,
En Banc.

Dec. 13, 1982.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Arthur J. Kane, Jr., Denver, pro se.

ROVIRA, Justice.

This disciplinary proceeding against the respondent, Arthur J. Kane, Jr., who was admitted to the practice of law in Colorado in 1959 (Registration No. 7805), was concluded by the Grievance Committee with a recommendation that he be suspended for three years. We approve the recommendation and order that the respondent be suspended for three years and that he pay costs in the amount of $537.83.

The complaint charged the respondent with professional misconduct arising from his actions as a *pro se* respondent in a Uniform Reciprocal Enforcement of Support Act (URESA) proceeding in the Denver District Court. The complaint alleged that he failed to pay court-ordered support for his two children; that he was found in contempt for willful disobedience of a court order; that he failed, after having been found in contempt of court, to surrender to authorities pursuant to court order and eluded arrest in the enforcement of the contempt order; and that he abused the judicial process in connection with the URESA proceedings.

The respondent admitted his failure to pay court-ordered support, but denied that

he eluded arrest and abused judicial processes. Respondent maintained that he is subject to discipline, if at all, regarding only those orders concerning which he has been found in contempt.

After a hearing in which the respondent testified on his own behalf, the Hearing Board of the Grievance Committee made extensive findings of fact, conclusions, and recommendations. The respondent filed exceptions but did not, pursuant to C.R.C.P. 241.20(b)(4), file a transcript of the proceedings or any portion of such transcript as he deemed necessary for the consideration of the exceptions. The motion of the complainant to strike exceptions was granted by this court on October 29, 1982. *See People v. Van Nocker,* 176 Colo. 354, 490 P.2d 697 (1971); *People v. Murphy,* 174 Colo. 182, 483 P.2d 224 (1971).

A recital of all the findings of the Hearing Board would unduly lengthen this opinion. Therefore, we will only highlight some of the acts of the respondent which established, by clear and convincing evidence, professional misconduct.

In January 1979, the respondent's former wife filed a URESA petition against him based on a child-support order from California. After a hearing held in May 1979, the Denver District Court ordered the respondent to pay $250 per month child support through the registry of the court beginning in June 1979.

Six days after the first support payment was due, respondent filed a motion for a stay of execution and a motion for a new trial. Both motions were denied. Within the time permitted by the appellate rules, the respondent filed a notice of appeal and a motion for stay of execution with the court of appeals. That court denied the request for the stay and in an opinion dated February 21, 1980, affirmed the trial court's decision. *Rohrer v. Kane,* 44 Colo.App. 85, 609 P.2d 1121 (1980).

In July 1979, while his appeal was pending, respondent was served with a contempt citation for failure to pay the child support ordered at the May 1979 proceeding. The hearing on the contempt citation was held on September 21, 1979. During a recess in that proceeding, the respondent disappeared from the court room, whereupon the trial judge issued a bench warrant for the respondent's arrest. It was not until December 18, 1979, that respondent surrendered to the court and posted bond. For his willful failure to appear after the recess during the hearing on the contempt citation and for his subsequent avoidance of service of the arrest warrant, the respondent was publicly censured by this court on November 17, 1981. *People v. Kane,* 638 P.2d 253 (Colo. 1981).

Eventually the hearing on the contempt citation that was scheduled for September 21, 1979, was heard by another district judge on February 7, 1980. She found respondent in willful contempt of the court's orders to pay child support and sentenced him to an indefinite jail term. Sentence was stayed until February 15, 1980, at which time the respondent was to report to jail if $450 in back child support had not been paid. On February 15, the respondent failed to report as ordered, but filed a motion for stay of execution of the court's order. The stay was denied, but on February 20, 1980, respondent paid the $450.

On February 22, 1980, the respondent filed a motion for a new trial regarding the finding of contempt for failure to pay child support. It was denied, and respondent initiated a second appeal in the court of appeals and filed a motion for a stay of execution with that court on March 7, 1980. The motion for the stay was denied. Although respondent requested and was granted extensions of time in which to file his brief in the court of appeals, his second appeal was eventually dismissed on September 19, 1980, because of respondent's failure to file a record of appeal and otherwise pursue his appeal in a timely fashion.

During the six-month period from January through May 1980, the respondent filed numerous motions to disqualify the second trial judge, to suspend and reduce child support payments, and for continuances. Again, on April 17, 1980, the trial court issued a contempt citation upon respon-

dent's failure to pay $2,000 in child support for the period June 1979 through April 1980.

On June 30, 1980, after hearing evidence and arguments on all the pending matters, the court denied all of the respondent's pending motions except the motion to reduce child support. Child support was reduced to $100 per month. However, the court specifically found that for the period August 1979 through February 1980 the respondent had been financially able to pay the child support previously ordered by the first trial judge, knew of the court's order to do so, and had willfully failed to comply in the amount of $1,300. Accordingly, the respondent was sentenced to 90 days in jail for contempt, but the sentence was stayed until August 4, 1980, in order to give him the opportunity to purge himself of contempt by the payment of $1,300 into the court's registry. The respondent was ordered to surrender to the sheriff on August 4, 1980, if he had not purged himself of the contempt. Respondent was present when the court announced its ruling and ordered the jail sentence. On July 29, 1980, the respondent filed with the court of appeals a motion to stay the trial court's contempt order. This stay was denied on July 31, 1980.

On August 4, 1980, respondent failed to surrender to the sheriff, and the trial court issued a writ of commitment on August 6, 1980. This writ was vacated and a new writ of commitment was issued on August 20, 1980, sentencing respondent to 90 days in jail, but granting him work-release for the full period of this sentence.

On September 19, 1980, the respondent filed a notice of appeal regarding the trial court's orders and a motion to consolidate this third appeal with the second appeal then pending in the Colorado Court of Appeals. That motion was denied by the court of appeals on November 12, 1980. Respondent did not surrender to the sheriff pursuant to the August 20, 1980, order, nor did he pay the $1,300 to purge the contempt. He remained unlawfully at large for more than five months until February 6, 1981, when he was apprehended by sheriff's deputies at his residence in Denver, Colorado.

Based on the undisputed testimony of Captain Brenneis of the Denver Sheriff's Department, the Hearing Board found that respondent took active steps to avoid arrest, and only because of the diligent efforts of Captain Brenneis was the respondent finally arrested on February 6, 1981. After his arrest, respondent was removed to the county jail and his request for work-release was denied.

Shortly thereafter, respondent, appearing by counsel, filed motions to suspend child support payments, to dismiss, and for work-release. These motions were denied on March 6, 1981, and as a result, in April 1981, the respondent, *pro se,* filed a fourth notice of appeal in the Colorado Court of Appeals, this time concerning the trial court's March 6 order. This fourth appeal was dismissed as abandoned for failure to pay the docket fee and file the statement or designation previously ordered by the court.

In March 1981, the respondent commenced Chapter 13 proceedings in the United States Bankruptcy Court. He did not list the court-ordered child-support obligation in his petition, but did state that he paid $100 to $125 per month child support. After the filing of the bankruptcy petition, the respondent was released from incarceration. Later the bankruptcy court dismissed respondent's Chapter 13 petition.

■ The Hearing Board's findings concerning the respondent's failure to obey the court's orders and his contemptuous conduct are substantiated by clear and convincing evidence. The respondent continually refused to honor standing orders to pay support for his children from May 1979 to May 1981. He was twice held in contempt, and on both occasions, he had a full and fair opportunity to litigate the issue of his ability to pay. While the failure to pay child support, standing alone, does not subject an attorney to discipline for professional misconduct, we agree with the Board that under the aggravated circumstances present here, the respondent's refusal to honor the trial court's support order, twice resulting

in findings of willful contempt, amounts to a violation of DR 7–106(A) (a lawyer shall not disregard a court ruling) and adversely reflects upon respondent's fitness to practice law, in violation of DR 1–102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

The respondent's failure to surrender to the Denver sheriff pursuant to lawful court order and his efforts to elude arrest for a five-month period are evidence of disregard of the court's order and violate DR 7–106(A). His actions adversely reflect on his fitness as an attorney and officer of the court in violation of DR 1–102(A)(5), and, as conduct prejudicial to the administration of justice, violate accepted rules or standards of legal ethics contrary to the requirements of C.R.C.P. 241(B)(2) and DR 1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law).

We agree with the Hearing Board that the appeals which were initiated by the respondent were for the sole purpose of achieving a stay of the trial court's orders and not as a good faith effort for extension, modification, or reversal of existing law. The respondent's conduct resulted in unnecessary and excessive expenditure of judicial resources. The appeals were frivolous and taken solely for the purpose of delay and as such interfered with the administration of justice. As such, respondent's conduct violated DR 7–102(A)(2) (knowingly advancing a claim or defense that is unwarranted under existing law) and DR 1–102(A)(5).

Accordingly, the respondent is suspended for three years and assessed costs of these proceedings in the amount of $537.83. The costs are payable within 90 days to the Grievance Committee, 190 E. 9th Avenue, Suite 440, Denver, Colorado 80203. In accordance with the provisions of C.R.C.P. 241.22(b), the respondent is eligible for reinstatement only when he establishes by clear and convincing evidence that he has been rehabilitated and that he is morally and ethically qualified to practice law.

QUINN, J., does not participate.