**The PEOPLE of the State of Colorado, Complainant,**

v.

**Harry A. TUCKER, Jr., Attorney–Respondent.**

**No. 87SA365.**

Supreme Court of Colorado, En Banc.

May 24, 1988.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

KIRSHBAUM, Justice.

Harry A. Tucker, Jr., you appear before this court to receive a public censure for your professional misconduct. A complaint alleging two counts of professional misconduct was filed in October of 1986. After conducting a hearing pursuant to C.R.C.P. 241.14, a hearing board of the Supreme Court Grievance Committee recommended imposition of a public censure. That recommendation was unanimously approved by a hearing panel of the Committee. We agree with the recommendation.

You were admitted to the Bar of this court on September 27, 1972, and at all pertinent times you were registered as a lawyer in the records of this court. Therefore, pursuant to C.R.C.P. 241.1(b), you are subject to the disciplinary jurisdiction of this court in all matters relating to the practice of law. The jurisdiction of the Committee and of this court to review allegations of misconduct by you as a lawyer and as a member of the Bar of this state is not affected by the fact that during the period in which the events giving rise to these proceedings occurred you served as a part-time municipal court judge and as a part-time county court judge and were disciplined by the Colorado Commission on Judicial Discipline for some of the acts that we find constitute professional misconduct under the Code of Professional Responsibility.

**I**

On November 28, 1980, you and your second wife were married. However, at that time dissolution proceedings respecting your first marriage were still pending. You have acknowledged that you were aware of these facts and that you committed the offense of bigamy. *See* § 18–6–201, 8B C.R.S. (1986). Your conduct violated C.R.C.P. 241.6(1), (2), (3) and (5) and disciplinary rules DR1–102(A)(1) (vi-

olating a disciplinary rule), DR1–102(A)(3) (engaging in illegal conduct involving moral turpitude), DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and DR1–102(A)(6) (engaging in any other conduct adversely reflecting on your fitness to practice law). Your acts exhibited a callous disregard for the integrity of the judicial process and for the substantive laws of this state. Although your conduct did not result in harm to any person, as an attorney you had a particular responsibility to act within the framework of our legal structure and to conform your conduct to the rule of law.

## II

You and your first wife separated in November of 1979. In November of 1980 you both executed a separation agreement providing, *inter alia*, that you were entitled to ownership of a house located on Barbara Drive in Craig, Colorado. You subsequently affixed your first wife's signature to a quitclaim deed transferring her interest in the Barbara Drive house to you and notarized the deed by means of a statement that she had acknowledged the signature before you on November 13, 1980. The hearing board found that you were not authorized by your first wife to affix her name to the deed, and the evidence, although conflicting, supports that finding.

In 1982, while obtaining a second mortgage on the Barbara Drive house, you affixed your first wife's signature to a correction deed affecting that property. The hearing board again found that your conduct was not authorized, and the evidence supports that finding. Although the correction deed indicates that your first wife's signature was acknowledged by a secretary in your law office by the name of "Connie J. Floyd," the evidence established that in fact Connie J. Floyd did not sign the acknowledgment form. The hearing board found that you did not affix Connie J. Floyd's name to that document, and the evidence supports that finding.

Your conduct in placing your first wife's name on the two deeds without having obtained her permission to do so violates C.R.C.P. 241.6(1), (2), (3) and (5) and DR1–102(A)(1) (violating a disciplinary rule), DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and DR1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law). Although no person was harmed by your acts, they again demonstrated a profound disrespect for the legal system and for the substantive laws of Colorado. In relying upon your understanding of the technical requirements of the law, you chose to accomplish your goals in complete defiance of ethical and legal standards prohibiting the means you employed. Your unauthorized actions also placed in jeopardy the transactions involved, thus creating the risk of potential harm or substantial inconvenience to other persons and entities.

## III

In both of these matters, your conduct deviated substantially from the minimum standards of conduct appropriately required of all persons privileged to practice law in this state. However, the hearing board noted that certain mitigating circumstances should be considered in determining the appropriate penalty for your professional misconduct. Among those factors was the passage of time since the events occurred, the fact that no party was in fact injured by your conduct, and the fact that you had received some form of discipline from the Colorado Commission on Judicial Discipline respecting some of your acts. The hearing board also found that during this period of time you were subject to considerable stress and personal turmoil, and that your emotional difficulties significantly influenced your misconduct. The hearing board concluded that your conduct on all of these occasions appeared to be for the purpose of convenience and that you at no time acted with malice, spite or from any illicit motive.

While we agree that these mitigating factors do bear upon the question of discipline, we cannot overlook the seriousness of your acts. However convenient they might have been at the time, as we have

indicated, they demonstrated a serious disrespect for the legal system and the substantive laws of Colorado. Under all of the circumstances, we conclude that imposition of this public censure is the appropriate remedy.

This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility. You are also ordered to pay the sum of $474.78, representing the costs of the grievance proceedings in this matter, to the Supreme Court Grievance Committee, 600 —17th Street, Suite 500S, Denver, Colorado 80202–5435, within thirty days of the date of this order.