**The PEOPLE of the State of Colorado, Complainant,**

v.

**Harry A. TUCKER, Jr., Attorney– Respondent.**

**No. 91SA335.**

Supreme Court of Colorado, En Banc.

Sept. 21, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Harry A. Tucker, pro se.

PER CURIAM.

In this attorney disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee approved the findings of a hearing board, and recommended that the respondent be suspended from the practice of law for six months, and be assessed the costs of the proceeding. We accept the recommendation of the hearing panel.

I

The respondent was admitted to the bar of this court on September 27, 1972. He is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.-1(b). The complaint filed by the assistant disciplinary counsel charged that the respondent violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 1–102(A)(6) (a lawyer shall not engage in con- duct that adversely reflects on the lawyer's fitness to practice law), and DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal made in the course of a proceeding). Based upon admissions in the pleadings, stipulated facts presented at the hearing, the testimony of the respondent, and documentary exhibits introduced into evidence, the hearing board found that the following facts were established by clear and convincing evidence.

II

In 1979, the respondent filed a proceeding for the dissolution of his marriage to Marsha Tucker, now known as Marsha Poirer. In the final orders entered by the district court on January 2, 1981, Poirer received custody of the one child born of the marriage and the respondent was obligated to pay $500 per month for child support and part of the child's medical and dental expenses that were not covered by insurance. On May 10, 1989, Poirer filed a motion seeking to hold the respondent in contempt for failure to pay the child support ordered from July 1988 through July 1989, in the amount of $6,500. The respondent admitted the nonpayment, but asserted that his failure to pay child support was not willful because of his inability to make the payments as ordered. The respondent also made a motion in the district court to reduce the child support to $132 per month.

At the hearing on July 28, 1989, the respondent claimed that his net income in 1988 from the practice of law was $8,123.60. The district court found, however, that the respondent

is fully employed in the profession in which he is trained but that his true income from the practice of law is substantially greater than reflected by his income tax returns. His lack of a personal checking account and use of his business account for personal purposes has the effect of obscuring his real income and to grossly understate it. . . .

. . . .

The court concludes that [the respondent] has willfully failed to comply with the Court's order concerning child support and is in contempt of this Court.

*In re Marriage of Tucker*, No. 79DR76, slip op. at 2 (Rio Blanco County Dist.Ct. Aug. 1, 1989) (findings of fact and conclusions of law). Concluding that the respondent's annual net income from the private practice of law and a part-time judgeship was approximately $47,000, or close to $4,000 per month, the district court adjudged the respondent guilty of contempt and ordered him to pay $100 per month on the arrearage of $6,500, in addition to his current child support obligation which the court reduced to $480.48 per month. The contempt proceeding was continued to December 8, 1989, pending further orders of the court.

Following a hearing on December 8, the district court found that the respondent had continued to use his business account as a personal account, that the respondent was at least $962.40 in arrears on his current child support obligations and that he had paid nothing on the $6,500 arrearage found to exist on August 1, 1989. The court determined that the respondent's

conduct in the management of his finances demonstrates a willful failure to comply with Court orders with regard to child support. He has intentionally understated his income from the practice of law.... His conduct has subjected him to unnecessary tax collection enforcement which has had as a by-product the making of current funds unavailable to meet support obligations. [The respondent] is an attorney and as such must be charged with knowledge of the results of his conduct.

*In re Marriage of Tucker*, No. 79DR76, slip op. at 1 (Rio Blanco County Dist.Ct. Dec. 11, 1989) (order). The district judge ordered that the respondent serve thirty days in the county jail or complete 120 hours of community service, and awarded the respondent's former wife $1,335.08, for attorney's fees incurred in prosecuting the

contempt. The respondent appealed from the district court's orders, but later voluntarily dismissed the appeal. By March 1991, the respondent completed the 120 hours of community service by pro bono representation of indigent persons seeking child support enforcement.

The hearing board found that the respondent's private law practice generated $52,-248 in gross income in 1990 and that his tax return claimed a net income of $13,419 for the same year. The respondent also earned $5,200 serving as a part-time municipal judge in 1990. The board concluded that the respondent's willful failure to pay the court-ordered child support violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6) (conduct adversely reflecting on the lawyer's fitness to practice law), and DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal made in the course of a proceeding).

### III

The hearing panel unanimously approved the hearing board's findings and the recommendation that the respondent be suspended for six months and be assessed the costs of the proceeding. The respondent has excepted to the panel's action, raising three issues: (1) whether the hearing panel erred in determining that collateral estoppel applied to the proceeding; (2) whether the hearing panel erred in determining that failure to pay child support, standing alone, subjects an attorney to professional discipline; and (3) whether the hearing panel erred in recommending a six month suspension.

The respondent contends in this court that his failure to pay child support in 1988 and 1989 was not willful but was instead the result of a levy upon his assets by the Internal Revenue Service and that the levy was in error. The district court concluded that the failure to pay child support was not excused by the actions of the I.R.S. because the respondent intentionally under-

stated his income and his accounting procedures unnecessarily subjected him to tax collection enforcement which interfered with his ability to make the child support payments. The respondent asserts that the hearing board erroneously applied the doctrine of collateral estoppel and concluded that the respondent was bound by the district court's findings that his conduct was willful. We reject this argument for two reasons.

First, the hearing board never stated that it was applying collateral estoppel in determining that the respondent's failure to make the support payments was willful. In his answer, the respondent admitted the truth of all of the allegations contained in the complaint filed by the assistant disciplinary counsel, except he denied: (1) the allegation that he had not complied with the terms of the December 8, 1989, contempt order; and (2) that his conduct subjected him to professional discipline.

Based on the respondent's admissions, the assistant disciplinary counsel moved for partial summary judgment. *See* C.R.C.P. 56(d). Prior to the hearing, the hearing board granted the motion for partial summary judgment. The board's order thereupon limited the issues at the hearing to: "(1) respondent's compliance with the December, 1989, contempt order, and (2) the propriety and type of discipline under the facts admitted." *People v. Tucker*, No. GC 90B–96 (Colo.Griev.Comm. May 6, 1991) (order of hearing board). The respondent never objected to the order limiting the issues to be litigated at the hearing. At the hearing itself, the respondent explicitly stated that he did not intend to retry the issue of willfulness.

The respondent alleges that he was unaware of the true reason for the I.R.S. levy until after the district court hearings and findings of contempt, yet he admits that he discovered the reason well before the hearing in these disciplinary proceedings. Attached to the exceptions that the respondent filed in this court, and to his brief, are documents that were neither offered nor introduced into evidence before the hearing board. In addition, within the respondent's exceptions and brief are assertions of fact that are not supported by evidence introduced before the board. We do not consider these documents and unsupported factual assertions because they are not part of the record below.

When approved by the hearing panel, the board's factual findings are binding on this court unless, after considering the record as a whole, the findings are unsupported by substantial evidence. *People v. Bennett*, 810 P.2d 661, 665 (Colo.1991). We conclude that substantial evidence in the record supports the hearing board's conclusion that the respondent's conduct was willful.

Even assuming, as the respondent asserts, that the hearing board applied the doctrine of collateral estoppel to the issue of the willfulness of the respondent's failure to pay child support, such application was not error. The four requisites of collateral estoppel are: (1) identity of issues actually litigated and necessarily decided in prior litigation; (2) a prior final judgment on the merits; (3) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; and (4) a full and fair opportunity to litigate those issues by the party against whom the doctrine is asserted. *People v. Allee*, 740 P.2d 1, 5 (Colo.1987); *Industrial Comm'n v. Moffat County School Dist. RE No. 1*, 732 P.2d 616, 619–20 (Colo.1987).

The respondent contends that the first requirement is not met in this case. We disagree. The issue of the willfulness of the respondent's failure to pay court-ordered child support was the same in both the criminal contempt and disciplinary proceedings. We also perceive no unfairness in applying collateral estoppel under the facts in this case. The respondent did not object to the entry of the order of partial summary judgment which limited the issues before the hearing board. The respondent represented to the board that he

did not intend to retry the issue of willfulness at the disciplinary hearing. We therefore conclude that the hearing board did not err if it applied the doctrine of collateral estoppel to the issue of willfulness.

■ The respondent, citing language in *People v. Kane*, 655 P.2d 390, 392 (Colo. 1982), objects that the failure to pay child support, standing alone, does not subject an attorney to professional discipline. We said in *Kane* that

> [w]hile the failure to pay child support, standing alone, does not subject an attorney to discipline for professional misconduct, we agree with the Board that under the aggravated circumstances present here, the respondent's refusal to honor the trial court's support order, twice resulting in findings of willful contempt, amounts to a violation of DR 7–106(A) (a lawyer shall not disregard a court ruling) and adversely reflects upon respondent's fitness to practice law, in violation of DR 1–102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

*Id.* at 392–93. Similarly, the respondent's willful failure to pay child support resulted in a finding of criminal contempt. We conclude that the hearing board and hearing panel correctly found that the respondent's conduct violated the Code of Professional Responsibility, subjecting him to professional discipline.

## IV

■ The hearing panel approved the board's recommendation that the respondent be suspended for six months from the practice of law. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*) provide that, in the absence of aggravating and mitigating factors, "[s]uspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. In mitiga-

tion, the board determined that the respondent had been subjected to other penalties or sanctions, namely the 120 hours of community service imposed by the district court after it found the respondent guilty of criminal contempt. *Id.* at 9.32(k).

As aggravating factors, the board found the existence of a selfish motive, *id.* at 9.22(b), and that the respondent had substantial experience in the practice of law, *id.* at 9.22(i). Moreover, the respondent received a public censure in 1988 for committing the offense of bigamy and for placing his first wife's names on two deeds without obtaining her permission. *People v. Tucker*, 755 P.2d 452 (Colo.1988). Given the seriousness of the present misconduct and the respondent's history of discipline, we conclude that a six month suspension is appropriate. Accordingly, we accept the hearing panel's recommendation.

## V

It is hereby ordered that Harry A. Tucker, Jr., be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Tucker pay the costs of this proceeding in the amount of $838.44 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.