The PEOPLE of the State of
Colorado, Complainant,

v.

Clark S. SPALSBURY, Jr., Respondent.

No. 04PDJ080.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

April 12, 2005.

## OPINION AND ORDER IMPOSING SANCTIONS

*SANCTION IMPOSED: ATTORNEY SUSPENDED FOR ONE YEAR & ONE DAY*

### I. ISSUE

Respondent and his wife divorced in November 2002 and the district court ordered him to pay monthly child support. Although Respondent is aware of this obligation, he has not made a payment since September 2003 and now owes over $10,000. Generally, suspension is the appropriate sanction if a lawyer knowingly violates a court order and thereby causes injury. Respondent claims he is unemployed and cannot pay. Has he nevertheless violated the court's order?

The Hearing Board heard no evidence about Respondent's ability to pay child support because Respondent did not participate in the Sanctions Hearing. The Hearing Board therefore concludes that suspension for a year and a day is the appropriate sanction.

### II. PROCEDURAL HISTORY AND BACKGROUND

On April 12, 2004, the People petitioned the Court to immediately suspend Respondent under 251.8.5 for nonpayment of child support. On June 17, 2004, the PDJ granted this request. Suspension under this provision, however, is not discipline.[1]

On August 17, 2004, the People filed a Complaint against Respondent, initiating the present action and charging violation of the Colorado Rules of Professional Conduct based upon his failure to pay child support. On September 9, 2004, Respondent filed a Response to Complaint. Respondent did not contest his non-payment of child support. Rather, he denied the validity of the most recent child support order (increasing his obligation from $569 per month to $650 per month) and denied that his violation of the order was willful or voluntary, claiming an inability to pay due to his ex-wife's wrongful actions and the resulting loss of his job. On November 10, 2004, the People filed two related motions: a Motion for Summary Judgment and a Motion in Limine. Both motions concerned Claim I, charging violation of Colo. RPC 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal). The People argued that inability to pay child support is irrelevant to 3.4(c). On December 13, 2004, Respondent filed responses to both motions. On December 16, 2004, the Court granted both the Motion for Summary Judgment and the Motion in Limine. However, the Court specifically found that Respondent's state of mind and any inability to pay have relevance to the appropriate sanction. The Court set the Sanctions Hearing for February 7, 2005.

After the entry of summary judgment, the People filed two motions complaining that Respondent was not cooperating in discovery, as he had failed to attend his deposition and failed to produce requested documents. Respondent filed no response, but the Court was aware that Respondent was residing in Kansas and may have had limited funds to come to Colorado for the deposition. Therefore, on January 12, 2005, the PDJ ordered Respondent to submit a written statement detailing his proposed testimony, accompanied by any documents he planned to present in mitigation. Failure to do so would result in the preclusion of his testimony and the withheld documents pursuant to C.R.C.P. 37(b). Respondent did not supply the People with the ordered discovery, and he failed to appear at the Sanctions Hearing on February 7, 2005.

Based upon the summary judgment in favor of the People, there is no dispute as to the material facts relating to Claim I of the Complaint, and thus Respondent's violation

---

1. Application of 251.8.5 does not bar a disciplinary action for violation of the Colorado Rules of Professional Conduct.

of Colo. RCP 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal) is established as a matter of law. Subsequently, the People moved to dismiss Claims II and III of the Complaint, a request that the Court granted on March 28, 2005.

## III. *FACTS*

Respondent has taken and subscribed the Oath of Admission, was admitted to the bar of this Court on November 3, 1981, and is registered upon the official records of this Court (registration number 11656). He is therefore subject to the jurisdiction of this Court in these disciplinary proceedings. Respondent's registered business address is P.O. Box 2008, Estes Park, Colorado 80517. Other addresses Respondent has used include: P.O. Box 4601, Lawrence, KS 66045 and 8505 East Alameda Ave., Suite 3234, Denver, Colorado 80230-6069.

### Undisputed Facts Established by Summary Judgment

On November 19, 2002, the district court in Larimer County, Colorado issued Permanent Orders in Respondent's divorce case, 2001 DR 1411, styled In re: The Marriage of Spalsbury. Under the Permanent Orders, Respondent was required to pay $569.00 per month child support beginning December 2002. On August 15, 2003, the Respondent filed an Emergency Motion to Terminate, Modify, and Abate Child Support.

On November 14, 2003, a magistrate heard evidence on Respondent's request to terminate the child support order. The magistrate considered evidence presented by Respondent and his ex-wife during a three-hour hearing, and then allowed both parties to file closing arguments in writing. After reviewing the evidence and the arguments of the parties, the magistrate issued an order on December 2, 2003, denying Respondent's motion to terminate child support and increasing his obligation to $650.00 per month. The increase was retroactive to September 2003. This order has not been modified and remains in effect to date.

Respondent knew of the permanent order and the order of modification shortly after they were entered in the case. Evidence of his knowledge is contained in the attorney registration form filed with the Colorado Supreme Court on February 25, 2004. Therein, he admitted that he was not in compliance with his child support obligation.

Respondent made a child support payment of $569.00 in September 2003. This was the last voluntary payment he made. In May 2004, the child support unit in Larimer County intercepted Respondent's state income tax refund and applied $301.00 to his child support obligation. No further credits have been made.

### Findings of Fact by Clear and Convincing Evidence

At the Sanctions Hearing, the People offered and the PDJ admitted Exhibits 1–5, which constitute documentary evidence of Respondent's child support obligation and his failure to meet that obligation. Respondent currently owes in excess of $10,000. The People also called Cynthia Sisson, Respondent's former wife, to testify. Ms. Sisson testified to events leading up to Respondent's most recent unemployment. She also testified to the hardships that the family has endured as a result of Respondent's failure to pay child support. However, she did not express any position on the sanction to be imposed.

Respondent and Ms. Sisson have a son and a daughter, ages 12 and 18, respectively. They reside with Ms. Sisson in Estes Park, Colorado. Prior to February 2003, Respondent was employed as a Deputy District Attorney in Burlington, Colorado. He voluntarily quit that job, without having other employment. In late June 2003, Respondent accepted a job as a Deputy District Attorney in Grand, Routt and Moffat Counties. However, he was terminated from that job one month later, as a result of an incident with Ms. Sisson. As found by the district court magistrate, Respondent drove to Ms. Sisson's home for a parenting time exchange. They argued about when their son would be returned to Ms. Sisson, and Respondent pushed Ms. Sisson away from his vehicle. Respondent called the police. The police arrived and arrested him. Although the

criminal charges were later dropped, Respondent lost his job due to his resulting inability to handle domestic violence cases. The district court magistrate found that Respondent voluntarily terminated the position because the dispute was a voluntary act and Respondent should have known the likely consequences, based upon his legal training and experience.

Since Respondent ceased paying child support, money has been a constant worry for Ms. Sisson and their family. They have had to do without or save up for necessities, such as shoes. In addition, they have accepted help from friends and charities in the form of food, clothing, Christmas gifts, and home repairs. The children have had to drop certain extra-curricular activities or find a sponsor for the activities. Ms. Sisson is a physical therapist. To make ends meet, she had to leave her school district job for a position at a local hospital.

Respondent has asserted in pleadings that he has not willfully violated the child support order. Rather, Respondent claims that his failure to pay is simply the result of his present lack of employment, a fact for which he blames Ms. Sisson. However, Respondent did not appear at the Sanctions Hearing. Thus, he did not present any evidence, either testimonial or documentary, regarding his inability to pay child support. In fact, the Hearing Board did not hear any evidence in mitigation. The People request the Hearing Board to suspend Respondent for one year and one day, with the possibility of early termination if Respondent either (1) pays all child support owed or (2) fashions a repayment plan with the district court and demonstrates at least three months of compliance.

## IV. *IMPOSITION OF SANCTIONS*

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting the appropriate sanction to impose for lawyer misconduct. *In re Roose*, 69 P.3d 43, 46–47 (Colo.2003). The appropriate sanction depends upon the facts and circumstances of each case.

■ "Willful failure to pay court-ordered child support is serious professional misconduct," which ordinarily warrants a period of suspension from the practice of law. *People v. Primavera*, 904 P.2d 883, 885 (Colo.1995); *People v. Tucker*, 837 P.2d 1225 (1992). In fact, under ABA *Standard* 6.22, the presumptive sanction relevant to Respondent's conduct is suspension: "Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or party." A lawyer acts with knowledge when he is aware of his conduct, but is without a conscious objective to produce a particular result. ABA *Standards*, Black Letter Rules and Commentary. In determining whether the presumptive sanction is suitable in a particular case, ABA *Standard* 3.0 directs the Hearing Board to examine the following factors:

(1) the duty breached;

(2) the mental state of the lawyer;

(3) the injury or potential injury caused; and

(4) the aggravating and mitigating evidence.

### 1. Duties breached

■ The issue of Respondent's child support obligation has been fully litigated twice. Each time, the district court has issued binding orders. A judicial declaration, entered during Respondent's unemployment, obligates him to pay $650 per month. This order is still outstanding. By failing to pay, Respondent abandoned his duties to his children, to support them and ensure that their needs are met. In addition to this social duty, Respondent has also breached his duty to honor court orders. As an officer of the court, Respondent's has a special duty to respect and adhere to court orders, even when they involve private rather than professional matters. Because Respondent violated his duty to the court, he also breached a duty owed to the public and the legal profession. "Attorney misconduct perpetuates the public's misperception of the legal profession and breaches the public and professional trust." *In re DeRose*, 55 P.3d 126, 131 (Colo.

2002) (paraphrasing *In re Pautler,* 47 P.3d 1175, 1178 (Colo.2002)).

## 2. Mental state of the lawyer

As he is aware of his obligation to pay child support to Ms. Sisson, Respondent acted knowingly when he failed to do so. Although Colo. RPC 3.4(c) requires only a knowing mental state, there is evidence that Respondent acted willfully. For example, when the district court magistrate decided to increase Respondent's child support obligation, it was determined that he is voluntarily unemployed. Respondent was given the chance to present mitigating evidence of his mental state in these proceedings; he declined this opportunity.

## 3. Actual or potential injury caused

Respondent's children and ex-wife have suffered the financial consequences of not receiving child support from Respondent. The family has struggled to make ends meet. They have had to seek outside assistance, including from charities whose resources could have been used to help other families. Respondent has certainly injured his relationship with his children, as they are old enough to be aware of the situation. In addition, Respondent has caused injury to our system of justice, by failing to honor court orders.

## 4. Aggravating and mitigating evidence

### a. Mitigating Factors, ABA *Standard* 9.3

#### 1. No Prior Discipline

Respondent has no prior discipline in the approximately 24 years that he has been licensed to practice law.

#### 2. Imposition of Other Penalties

Respondent is currently suspended under C.R.C.P. 251.8.5(a) for failure to pay child support. While suspension under this provision is not discipline, it is a forfeiture suffered for the same conduct charged in these proceedings.

### b. Aggravating Factors, ABA *Standard* 9.2

#### 1. Selfish Motive

Respondent has made claims that the reason for his failure to pay child support is his unemployment. However, the district court magistrate determined that this unemployment is voluntary. In addition, there is no evidence in the record that Respondent is currently unable to work or otherwise incapable of honoring his child support obligation. Given this background, the Hearing Board finds that Respondent has a selfish motive in not paying child support.

#### 2. Refusal to Acknowledge Wrongful Conduct

Respondent did not appear at the Sanctions Hearing, and nothing in the record indicates an acknowledgement by Respondent that his conduct is wrongful. Given these circumstances, the Hearing Board finds that Respondent has refused to acknowledge the wrongfulness of his conduct.

#### 3. Vulnerability of Victim

Respondent's children are most affected by his failure to pay child support, and they are vulnerable. Both require Respondent's financial assistance, for immediate necessities and for future educational expenses. Respondent's failure to contribute to the family directly impacts his children and places additional burdens on his former wife.

#### 4. Substantial Experience in the Practice of Law

As noted above, Respondent was admitted to the Colorado bar in 1981. He thus has approximately 24 years experience in the practice of law, and should be well-aware of his duty to obey court orders.

## V. CONCLUSION

Upon consideration of the duties breached, the resulting injuries, Respondent's mental state, and the mitigating and aggravating factors, the Hearing Board finds this case to

be similar to *People v. Hanks*, 967 P.2d 144 (Colo.1998), in which an attorney was suspended for one year and one day for willful failure to satisfy child support obligations. The Hearing Board thus concludes that there is no reason to depart from the presumption that Respondent should be suspended for knowing disobedience of the district court's child support order. The People have requested a one-year-and-one-day suspension, to terminate earlier upon payment of all child support or upon a showing of "some" compliance with a payment plan arranged with the district court. *See In the Matter of Green*, 982 P.2d 838 (Colo.1999). The Hearing Board finds this to be a reasonable and appropriate sanction.

## VI. *ORDER*

It is therefore ORDERED:

1. CLARK S. SPALSBURY, attorney registration no. 11656, is SUSPENDED from the practice of law in Colorado for a period of ONE YEAR AND ONE DAY, effective thirty-one (31) days from the date of this Order.

2. CLARK S. SPALSBURY may petition for early reinstatement upon either (1) payment of all child support currently due and owing or (2) negotiation of a repayment plan with the district court and demonstration of compliance for at least three consecutive months. Payment of all support due or compliance with a repayment plan is an express condition of reinstatement, regardless of whether the entire suspension period has elapsed.

3. CLARK S. SPALSBURY is ORDERED to pay the costs of this proceeding. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.