### The PEOPLE of the State of Colorado, Complainant,

v.

### David W. DAVIES, Attorney–Respondent.

### No. 94SA296.

Supreme Court of Colorado,
En Banc.

Oct. 11, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

David W. Davies, pro se.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee unanimously approved a stipulation, agreement, and conditional admission of misconduct entered into between the assistant disciplinary counsel and the respondent.[1] *See* C.R.C.P. 241.18(a). In the stipulation, the parties recommended discipline in the range of a thirty-day to ninety-day suspension from the practice of law. The inquiry panel recommended that the respondent be suspended for ninety days. We accept the stipulation and the recommendation of the inquiry panel.

### I.

The stipulation sets forth the following facts. On August 15, 1991, the respondent was suspended from the practice of law in Colorado for non-payment of his attorney registration fee. *See* C.R.C.P. 227(4)(a). Between August 1991 and October 1992, the respondent moved several times and did not notify the attorney registration office of his new address, contrary to C.R.C.P. 227(2)(b), and thus he did not receive his registration notices.

On July 6, 1992, the respondent entered an appearance on behalf of a client in Denver District Court. The client entered a plea of not guilty before the district court judge. On October 16, 1992, the respondent appeared at a status hearing in the matter.

---

1. The respondent was admitted to the bar of this court on April 30, 1980, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

When the district court judge notified the respondent of his suspension, the respondent assured the judge that he would resolve the suspension matter immediately upon leaving the court.

On Monday, October 19, 1992, the respondent again appeared before the district court judge. The respondent stated on the record: "The matter with the Supreme Court has been cleared up on Friday." The judge asked: "And you are licensed to practice law in the State of Colorado as of this moment?" The respondent answered: "That's correct, your honor."

The Attorney Registration Office records indicate that they did not receive the respondent's check for the registration fee until Wednesday, October 21, 1992. The respondent has admitted that the foregoing conduct violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); and DR 3–101(B) (practice of law in violation of a jurisdictions's professional regulations).

## II.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal profession." ABA *Standards* 7.2.

Previous discipline is an aggravating factor. *Id.* at 9.22(a). The respondent received letters of admonition in 1990 and 1991, and a private censure in 1990. The respondent's conduct in this case, with his disciplinary history, warrants a period of suspension. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation of a ninety-day suspension.

## III.

It is ordered that David W. Davies be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Davies pay costs in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.