**The PEOPLE of the State of Colorado, Complainant,**

v.

**David W. DAVIES, Attorney–Respondent.**

**No. 96SA307.**

Supreme Court of Colorado,
En Banc.

Nov. 4, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

PER CURIAM.

This case is a lawyer discipline proceeding. The respondent, David W. Davies, did not appear before the supreme court grievance committee and has not appeared in this court. A hearing panel approved the findings and recommendations of a hearing board that the respondent be suspended from the practice of law for one year and one day with reinstatement contingent upon certain conditions. We accept the panel's recommendations.

### I

The respondent was admitted to practice law in this state in 1980. The respondent did not answer the complaint filed in this case and the hearing board entered a default against him. The allegations of fact contained in the complaint are therefore deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following facts had been established by clear and convincing evidence.

The respondent represented Beatrice McMaher in certain post-dissolution matters. Before 1993, Ms. McMaher had custody of all three of her children. Late in 1992, Robert McMaher, her ex-husband, stipulated that he and Ms. McMaher would exercise joint custody of their two daughters and that Ms. McMaher would have custody of their son. This stipulation was filed with the court on January 19, 1993.

During this same time, the respondent prepared and filed child support worksheets that failed to properly reflect the new stipulation concerning custody. In fact, those worksheets indicated that the parties would exercise joint custody of all three children and that Ms. McMaher owed Mr. McMaher $395 per month in child support. On March 9, 1993, the court approved the stipulation and ordered Ms. McMaher to pay $395 child support per month to Mr. McMaher. On March 24, 1993, the respondent filed a motion to withdraw from the case, which was granted on April 7, 1993.

Ms. McMaher fell behind in her child support payments, and on May 18, 1995, counsel for Mr. McMaher moved to reduce the $6,499.74 arrearage to judgment. Ms. McMaher's new lawyer discovered the mistake in the respondent's calculations and filed a motion to vacate the March 9, 1993 support order. Her new lawyer's worksheets indicated the correct amount in arrears was only $13.61. On November 22, 1995, the court ruled that it had erred in its March 9, 1993 order.

■ The respondent's conduct violated R.P.C. 1.1 (a lawyer shall provide competent representation to a client) and R.P.C. 8.4(d) (conduct that is prejudicial to the administration of justice). Further, because he did not respond to the request for investigation filed in the foregoing matter, the respondent also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown).

## II

The hearing panel approved the board's recommendations that the respondent be suspended for one year and one day; that at any reinstatement proceeding he be required to demonstrate what amount of harm Ms. McMaher suffered as a result of his misconduct and that he made appropriate restitution for that harm; and that, prior to reinstatement, the respondent demonstrate that he is emotionally and psychologically able to practice law. The assistant disciplinary counsel did not except to the panel's action.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. . . ." *Id.* at 4.42(a). Similarly, "[s]uspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client." *Id.* at 4.52.

Aggravating factors include previous discipline consisting of a letter of admonition and a private censure in 1990, a letter of admonition in 1991, and a ninety-day suspension from the practice of law in October 1994. *People v. Davies,* 883 P.2d 16, 17 (Colo.1994). *See* ABA *Standards* 9.22(a) (previous record of discipline is an aggravating factor with respect to assessing appropriate discipline). *See also id.* at 9.22(e) (failure to cooperate in discipline proceedings is an aggravating factor); *id.* at 9.22(g) (refusal to acknowledge the wrongful nature of conduct is an aggravating factor). Presumably because the respondent did not appear or participate in these proceedings, the board did not find any mitigating factors.

We agree with the hearing board that the respondent's failure to appear in these proceedings is a significant aggravating factor. That fact and his previous disciplinary history support the conclusion that a long period of suspension with the requirement of reinstatement proceedings is necessary to accomplish the purpose of lawyer discipline, which is to protect the public. We also agree that the respondent should be required to demonstrate that he has made appropriate restitution and is emotionally and psychologically fit to practice law.

## III

Accordingly, it is hereby ordered that David W. Davies be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must undergo reinstatement proceedings as set forth in C.R.C.P. 241.22(b)–(d); as a condition of reinstatement, the respondent shall demonstrate what amount of harm Ms. McMaher suffered as a result of his misconduct and that he made appropriate restitution to her for that harm; and that as an additional condition of reinstatement the respondent shall demonstrate that he is emotionally and psychologically able to practice law. Finally, it is ordered that the respondent pay the costs of this proceeding in the amount of $183.20 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202–5435.