The PEOPLE of the State of
Colorado, Complainant,

v.

Rodney M. KOLENC, Attorney–
Respondent.

No. 94SA269.

Supreme Court of Colorado,
En Banc.

Dec. 19, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Rodney M. Kolenc, pro se.

PER CURIAM.

A hearing board in this lawyer disciplinary proceeding concluded that the respondent[1] had violated the Code of Professional Responsibility in eight separate instances and recommended that he be suspended for three years, comply with certain conditions for reinstatement, and pay costs. A hearing panel of the Supreme Court Grievance Committee generally approved the board's findings and recommendation. The respondent excepted to the board's findings, but his exceptions were stricken because he failed to designate or file any part of a transcript of the testimony and proceedings before the hearing board, as he was required to do. See C.R.C.P. 241.20(b)(4). Considering the gravity and the magnitude of the respondent's misconduct, we order that the respondent be disbarred and pay the costs of this proceeding.

I.

After hearing the testimony of the complainant's witnesses and the respondent, and considering the exhibits admitted into evidence, the board concluded that the following facts were established by clear and convincing evidence.

A.

In 1980, the respondent was ordered to pay his first ex-wife $125 per month for child support. He did not make all of the court-ordered payments, however, and in 1985 a judgment in the amount of $1,200, representing unreimbursed public assistance provided to his ex-wife, was entered against the respondent. In addition, after he was admitted to practice law in Colorado, the respondent willfully violated the 1980 court order by failing to make any payments in 1990 at all. On October 30, 1991, the respondent was found in contempt of court, beyond a reasonable doubt, for failure to make the 1990 child support payments, and he was sentenced to serve four days in the Mesa County jail.

From June 1985 through February 1992, the respondent only paid $244 toward current child support, leaving a balance of $9,881. Consequently, on April 30, 1992, a second judgment, in the amount of $9,881, reflecting unreimbursed public assistance provided to his ex-wife, was entered against the respondent.

The respondent thus failed to comply with the court's child support order, did not take any steps to modify the order, failed to satisfy either of the judgments against him for past-due child support, and acted in contempt of court. As the hearing board determined, the respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal made in the course of a proceeding). See People v. Tucker, 837 P.2d 1225, 1227 (Colo.1992) (willful failure to pay court-ordered child support violates DR 1–102(A)(5), DR 1–102(A)(6), and DR 7–106(A)); accord People v. Barr, 818 P.2d 761, 761–62 (Colo.1991).

B.

In 1981, the respondent was ordered to pay his second ex-wife $100 per month for child support, but since 1981, he has paid her only about $500 in child support. He therefore willfully failed to comply with a second child support order although he had the financial ability to do so in 1991 and 1992. As in the above matter, the respondent violated

1. The respondent was admitted to the bar of this court on October 25, 1989, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

DR 1–102(A)(5), DR 1–102(A)(6), and DR 7–106(A).

 The core of the misconduct is the respondent's willful failure to pay the court-ordered child support. The absence of a contempt finding by the trial court is a factor, but is not dispositive for purposes of a finding of misconduct by the hearing board or panel. On the other hand, a finding by the trial court that the respondent willfully violated a child support order should be accorded collateral estoppel effect before the hearing board, as long as the court makes the finding by clear and convincing evidence or beyond a reasonable doubt. *Tucker*, 837 P.2d at 1228–29. Trial court judges have the duty "to report to the Supreme Court, in any manner deemed appropriate, any act or failure to act [by an attorney] which in the opinion of the reporting judge constitutes reasonable cause for the commencement of disciplinary or disability proceedings." C.R.C.P. 241.5.

### C.

The respondent pleaded guilty to driving while ability-impaired and driving with no valid operator's license, on November 21, 1991, in Mesa County Court. He was sentenced to serve sixty days in jail, all but three of which were suspended. The respondent was placed on unsupervised probation for one year, ordered to provide eighty hours of community service, and to attend Level II alcohol education. As the hearing board found, the respondent's conduct violated DR 1–102(A)(6) (conduct adversely reflecting on the lawyer's fitness to practice law) and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

### D.

The court assessed fines and costs totaling $1,289 in connection with the above convictions. The respondent was granted a stay of execution to pay the fines and costs, and his payments were to begin in December 1991. On November 22, 1991, the respondent completed and signed an application for stay of execution on fines/costs that provided that the respondent understood that he could be held in contempt for providing false or incomplete information on the application. The respondent swore, under penalty of perjury, that the information he provided in the application was true and complete. He was also required to report any changes in his income to the collections investigator.

The collections investigator asked the respondent for copies of his monthly income and expenses from January through November 1991. The respondent indicated on his October 1991 statement that his net income to date was $6,179.51. Based upon the application and income statements, the respondent was ordered to pay $175 per month toward the fines and costs.

The respondent failed to list, however, over $7,000 in earned fees and other sources of income. Further, one month after he filed the application, the respondent earned $9,000 in attorney fees from a personal injury settlement for a client, but he did not report this change of income to the collections investigator as required.

The respondent failed to make any payments toward his fines and costs for the months of February, March, and May, 1992, although he had the financial ability to do so, and he submitted false and inaccurate information in his application for a stay of execution. The hearing board found that the respondent's conduct thereby violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1–102(A)(6) (conduct adversely reflecting on the lawyer's fitness to practice law).

### E.

Moreover, the respondent failed to report his conviction for driving while ability-impaired to the disciplinary counsel, as required by C.R.C.P. 241.16(b), thus violating DR 1–102(A)(6) and C.R.C.P. 241.6(6) (any act or omission which violates the rules regarding lawyer discipline and disability or which violates an order of discipline or disability).

F.

Since September 1990, the respondent has used only one checking account for his personal, trust account, and law office business matters, called the "Law Office Trust Account." He has deposited and commingled unearned fees, personal loan proceeds, personal injury settlement proceeds, and client filing fees in this account. From the account, he has paid his personal expenses, client court filing fees, secretarial wages, and office rent. The respondent has therefore utterly failed to segregate client funds from his personal and business funds, in violation of DR 9–102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located) and DR 1–102(A)(6).

G.

Between May 1991 and December 1992, the respondent issued twenty-two checks from his "Law Office Trust Account" which were returned for insufficient funds. This practice violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1–102(A)(6).

H.

The respondent was arrested on July 24, 1992, and charged with third-degree assault, a class 1 misdemeanor, for striking his wife (now third ex-wife) on the head with his fist. As a condition of the respondent's bond, the court issued a mandatory restraining order under section 18–1–1001, 8B C.R.S. (1986 & Supp.1994), providing that the respondent was not to harass, molest, intimidate, retaliate against, or tamper with any witness or victim of the charged offense. An additional condition of the bond was that the respondent not consume alcohol.

Nevertheless, on September 9, 1992, a police officer observed the respondent at home with a strong odor of an alcoholic beverage on his breath, bloodshot and watery eyes, unsteady balance, and slow speech. Ten days later, the respondent was charged with another count of third-degree assault for knocking his wife out of a chair and dragging her, injuring her ankle.

On December 14, 1992, the respondent pleaded guilty to two counts of third-degree assault, and his sentence was deferred for two years. He was ordered to undergo alcohol and anger counseling, and to pay the costs of the counseling. The respondent was also ordered to pay victim's compensation and assistance fee payments and court costs totaling $98.

The respondent assaulted his wife on two separate occasions. The second assault occurred while he was under the mandatory restraining order. He also consumed alcohol contrary to the court's order. His conduct violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6), DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal made in the course of a proceeding), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

II.

The hearing panel recommended that the respondent be suspended for three years, that he satisfy certain conditions prior to reinstatement, and be assessed the costs of the proceeding. In fact, almost any of the eight foregoing instances of misconduct, standing alone, would justify a period of suspension. *See, e.g., People v. Tucker*, 837 P.2d 1225 (Colo.1992) (willful failure to pay court-ordered child support warrants suspension from practice of law); *People v. Davies*, 883 P.2d 16 (Colo.1994) (lawyer suspended for misrepresenting to court that he had been reinstated to practice law); *People v. Galindo*, 884 P.2d 1109 (Colo.1994) (lawyer suspended for commingling client funds); *People v. Larson*, 828 P.2d 793 (Colo.1992) (writing insufficient-funds checks and depositing personal funds into trust account warrants suspension); *People v. Knight*, 883 P.2d 1055 (Colo.1994) (conviction for third-degree assault on spouse warrants suspension).

The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 &

Supp.1992) (ABA *Standards* ) would also prescribe suspension for the respondent's misconduct when the instances are looked at separately, and in the absence of aggravating or mitigating factors. *See* ABA *Standards* 6.22 ("Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."); *id.* at 5.12 (suspension warranted when lawyer knowingly engages in criminal conduct that seriously adversely reflects on lawyer's fitness to practice); *id.* at 6.12 (suspension generally appropriate when lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld); *id.* at 4.12 (suspension appropriate when the lawyer knows or should know that the lawyer is dealing improperly with client property).

The hearing board found the following factors in aggravation: a dishonest or selfish motive on the respondent's part, *id.* at 9.22(b); the existence of a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); indifference to making restitution, *id.* at 9.22(j); and the victims of the misconduct are vulnerable, *id.* at 9.22(h). In mitigation, the respondent has no previous history of discipline, *id.* at 9.32(a), and he cooperated in the proceedings below, *id.* at 9.32(e).

The spectrum of the respondent's misconduct, which began soon after he was licensed, displays a contempt for the law and for the administration of justice that is wholly inconsistent and incompatible with the practice of law. Under the circumstances, there is nothing in the record to lead us to believe that the respondent will be able to practice law in an appropriate and responsible manner following even a three-year suspension. Accordingly, we conclude that disbarment is the appropriate disciplinary sanction in this case.[2]

### III.

It is hereby ordered that Rodney M. Kolenc be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that Kolenc pay the costs of this proceeding in the amount of $2,273.29 within ninety days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

**2.** The hearing panel, in recommending that the respondent be suspended for three years, also recommended that he comply with the following conditions for reinstatement: (1) that the respondent demonstrate a sustained period of recovery during which alcohol is not a debilitating factor in his life; (2) that the respondent demonstrate that he has paid all child support arrearages and has made timely and consistent payments as current payments have come due; and (3) that he demonstrate his compliance with all court orders regarding the payment of child support. Should the respondent ever seek readmission to the bar of this court, his compliance with the above conditions will be significant factors in demonstrating his rehabilitation. C.R.C.P. 241.22(a).