**The PEOPLE of the State of Colorado, Complainant,**

v.

**Charles Stephen CANTRELL, Attorney–Respondent.**

**No. 95SA197.**

Supreme Court of Colorado, En Banc.

July 24, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Charles Stephen Cantrell, Wheat Ridge, pro se.

PER CURIAM.

The assistant disciplinary counsel and the respondent entered into a stipulation, agree-

ment, and conditional admission of misconduct. C.R.C.P. 241.18. The conditional admission recommended that the respondent receive discipline in the range of public censure to a thirty-day suspension from the practice of law. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, and recommended a public censure. We accept the stipulation and the inquiry panel's recommendation.

## I

The respondent was admitted to the Colorado bar in 1975. The conditional admission discloses:

## A

On June 25, 1990, the respondent entered into a fee agreement with a client to represent her in a civil action against her former employer. The agreement provided for a minimum payment of $3,000 plus a 15% contingent fee. In August 1990, opposing counsel took the deposition of respondent's client, and the respondent obtained a copy from the reporting service, for which he was billed $399.60.

On September 14, 1990, the respondent deposited a $750 check into his office operating account that he had received from his client for costs. In November, the respondent confessed the employer's motion for summary judgment, and the action was dismissed with prejudice in February 1991.

In an itemized statement that he provided to his client upon her request, the respondent represented that he had paid $399.60 to the reporting service for his client's deposition, when, in fact, the bill remained unpaid. Following the request for investigation filed in this matter, the respondent paid the reporting service and paid his former client an additional $399.60. Between the time he deposited the $750 into his operating account until the time that he paid the reporting service in September 1991, the balance in the operating account dropped below $750. The assistant disciplinary counsel indicates that while the respondent's handling of the $750 was negligent, there is no evidence that he attempted to convert client funds.

The respondent admitted that the foregoing conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 9–102(A) (all client funds shall be deposited in one or more identifiable interest-bearing depository accounts); DR 9–102(B)(3) (failure to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds which the client is entitled to receive).

## B

The respondent's marriage was dissolved in 1987. Beginning that year, the respondent failed to completely satisfy his child support obligations. In 1988, for example, the respondent paid a total of $650 out of $6,000 due. The assistant disciplinary counsel asserts that "[b]ecause of the nature of the dissolution proceeding, child support determinations, and the various stipulations that took place over nearly a six year span, it is difficult to determine the amount of child support respondent failed to pay."

In any event, in March 1992, the district court found that the respondent had the ability to pay and comply with the court's orders. The court reserved ruling on whether the respondent was in contempt, and ordered him to make certain child support and attorney fee payments. In June 1992, the court noted that the respondent had made no payments since the previous hearing, and ordered the respondent to make specified payments. At a hearing in August 1992, the court found that the respondent's failure to comply with the court's orders was willful, and he was adjudged in contempt.

Further contempt proceedings were delayed after the respondent filed for personal bankruptcy in November 1992. On October 14, 1994, however, the respondent and his former spouse reached a settlement of all outstanding disputes, including the contempt citations related to the respondent's failure to pay his child support and related obli-

gations. The district court approved the settlement and dismissed the contempt citations. The assistant disciplinary counsel states that the respondent continues to comply with the stipulation.

As the respondent has conceded, the above conduct violates DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal). *See People v. Kolenc,* 887 P.2d 1024, 1025 (Colo.1994) (willful failure to pay court-ordered child support violates DR 1–102(A)(5), –(6), and DR 7–106(A)); *People v. Tucker,* 837 P.2d 1225, 1227 (Colo.1992) (same).

## II

The parties recommended that the respondent be disciplined by public censure or a short suspension. In approving the conditional admission, the inquiry panel recommended a public censure. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating or aggravating factors, public censure is generally warranted "when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client." *Id.* at 4.13. *See People v. Hickox,* 889 P.2d 47, 49 (Colo.1995) (public censure appropriate when lawyer is negligent in dealing with client property and causes injury or potential injury).

With respect to the respondent's willful failure to pay child support, however, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. *See Tucker,* 837 P.2d at 1227.

Aggravating factors include an admonition in 1989 for neglect, *id.* at 9.22(a) (previous discipline is an aggravating factor); an admonition in 1991 for failing to place client funds in a trust account after the similar offense in

this case, and thus part of a pattern of misconduct, *id.* at 9.22(c); and the existence of multiple offenses, *id.* at 9.22(d). According to the assistant disciplinary counsel, the respondent did not have a dishonest or selfish motive at the time of the misconduct, *id.* at 9.32(b); he has been open and cooperative throughout the disciplinary proceedings, *id.* at 9.32(e); and has exhibited remorse, *id.* at 9.32(*l* ). All are factors in mitigation.

The seriousness of the misconduct and the multiple offenses would ordinarily warrant at least a short period of suspension. Nevertheless, since the respondent's predominant mental state was one of negligence with respect to his handling of client property, and given the respondent's cooperative attitude, and the fact that the contempt citations have been dismissed as a result of the respondent's settlement with his former spouse, we elect to accept the conditional admission and the inquiry panel's recommendation of a public censure. Some members of the court, however, would have suspended the respondent.

## III

It is hereby ordered that Charles Stephen Cantrell be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $52.29 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

KOURLIS, J., does not participate.