**The PEOPLE of the State of Colorado, Complainant,**

v.

**Douglass F. PRIMAVERA, Attorney–Respondent.**

**No. 95SA260.**

Supreme Court of Colorado, En Banc.

Oct. 30, 1995.

---

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

Douglass F. Primavera, Alamosa, Pro Se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be publicly censured for failing to pay court-ordered child support. We accept the hearing panel's recommendation.

I

The respondent was admitted to the Colorado bar in 1967. He served as the elected District Attorney for the 12th Judicial District from 1984 to 1993. The hearing board made the following findings by clear and convincing evidence.[1]

The respondent's marriage was dissolved in January 1991 by order of the District Court of Alamosa County. The final orders required the respondent to pay $600 per month in child support. Between November 1992 and February 1993, the respondent failed to make the required child support payments.

On July 6, 1993, the district court judge found the respondent in contempt for his failure to pay child support for the months of November 1992 through February 1993. The court order stated:

> If the respondent purges himself of this contempt by paying the sum of $3,000 to petitioner through the registry of the Alamosa District Court on or before October 1, 1993, and further pays the sum of $1,500 to the Alamosa County Department of Social Services (for its attorney's fees) on or before December 1, 1993, then this contempt citation will be set aside.

The respondent paid the $3,000 child support obligation on October 1, 1993. Since he was experiencing financial difficulties due to a failed investment and because of his decision to leave the district attorney's office, he asked a representative of social services if he could make regular payments on the $1,500 attorney fee order which would extend beyond the December 1 deadline. His request was denied; however, the $1,500 was not paid until March 29, 1994. Nonetheless, the contempt citation was ultimately dismissed and there are no allegations pending against the respondent at this time.

The respondent served as district attorney until January 1993. Part of the respondent's duties as district attorney involved assisting various county social service departments in collecting unpaid child support.

■ As the respondent stipulated, the above conduct, which occurred both before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 1–102(A)(5) and R.P.C. 8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 7–106(A) (knowingly disregard or disobey an obligation under the rules of a tribunal).

The hearing board also concluded that the respondent violated DR 1–102(A)(6) and R.P.C. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). *See People v.*

---

1. The formal complaint filed by the assistant disciplinary counsel contained two counts. The first count was dismissed. We therefore consider only the second count.

*Cantrell,* 900 P.2d 126, 128 (Colo.1995) (willful failure to pay court-ordered child support violates DR 1–102(A)(5), –(6), and DR 7–106(A)); *People v. Kolenc,* 887 P.2d 1024, 1025 (Colo.1994) (same); *People v. Tucker,* 837 P.2d 1225, 1227 (Colo.1992) (same).

## II

The hearing panel approved the board's recommendation that the respondent be disciplined by public censure. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. *See Cantrell,* 900 P.2d at 128; *Tucker,* 837 P.2d at 1227.

As factors in aggravation, the respondent received six admonitions in the 1970s for neglect of legal matters, ABA *Standards* at 9.22(a) (previous discipline is an aggravating factor); and he has substantial experience in the practice of law, *id.* at 9.22(i). In mitigation, the board found that the respondent did not have a dishonest or selfish motive at the time of the misconduct, *id.* at 9.32(b); that other penalties or sanctions were imposed, *id.* at 9.32(k); and that the respondent cooperated throughout the disciplinary proceedings, *id.* at 9.32(e).

The willful failure to pay court-ordered child support is serious professional misconduct, especially when the respondent was the district attorney for at least part of the time that the payments were not made. The seriousness of the misconduct would ordinarily warrant at least a short period of suspension. *Cantrell,* 900 P.2d at 128. Nevertheless, given that the failure to pay the child support extended over only a four-month period and was paid in full by the time specified, that the attorney fees were ultimately paid, and that the contempt citation has been dismissed, we elect to accept the panel's recommendation of a public censure.

## III

It is hereby ordered that Douglass F. Primavera be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,430.16 within 30 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.