The **PEOPLE** of the State of Colorado, Complainant,

v.

Don Kenneth **HANKS**, Jr., Attorney–Respondent.

No. 97SA353.

Supreme Court of Colorado, En Banc.

Jan. 26, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Don Kenneth Hanks, Jr., Farmer Branch, TX, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline case has chronically failed to make the court-ordered child support payments for his three children. A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be suspended for one year and one day, and be required as a condition of reinstatement to satisfy the relevant child support orders. On January 20, 1998, the respondent was suspended for two years for professional misconduct unrelated to the charges in this case. *See People v. Hanks*, 967 P.2d 141 (Colo.1998). We accept the panel's and board's recommendations in this case and order that the respondent be suspended for a year and a day, to be served consecutively to the respondent's current two-year suspension.

## I.

The respondent was admitted to practice law in Colorado in 1981. He did not answer the formal complaint filed in this case and the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Paulson*, 930 P.2d 582, 582 (Colo.1997). Based on the default and the evidence presented, including evidence from the respondent who participated at the hearing, the hearing board found that the following had been established by clear and convincing evidence.

In *In re Marriage of Hanks*, No. 93DR623, pending in the Larimer County District Court, the respondent was ordered in 1993 to pay child support for his three children in the amount of $1,500 per month. The respondent also consented to a judgment against him for approximately $20,000 representing past unpaid child support since the parties separated. The respondent paid little or no child support through the court registry. Although he was given credit for some of the direct payments he made, he was about $50,000 in arrears as of August 1996.

The respondent appeared at a contempt hearing on August 21, 1996. Following the hearing, he was adjudged in contempt and sentenced to six months in jail. Imposition of the sentence was suspended for three months to allow a review of the respondent's payments. The respondent's monthly child support obligation was subsequently reduced to $529 effective January 1997, but the respondent failed to comply with this order for three of the first six months. As of the time of the hearing in this case, the respondent owed $55,282.62 in back child support.

By willfully failing to comply with the court-ordered child support obligations, the respondent violated Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice).

## II.

The hearing panel approved the board's recommendation that the respondent be suspended for one year and one day and be required to satisfy his child support obligations as a condition of reinstatement. The complainant has not excepted to the recommendations.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22; *see People v. Primavera*, 904 P.2d 883, 885 (Colo.1995); *People v. Cantrell*, 900 P.2d 126, 128 (Colo. 1995); *People v. Kolenc*, 887 P.2d 1024, 1025 (Colo.1994); *People v. Tucker*, 837 P.2d 1225, 1227 (Colo.1992).

In aggravation, the respondent's failure to resolve his child support debt evidences a dishonest or selfish motive, *see* ABA *Standards* 9.22(b); he has refused to acknowledge the wrongfulness of his conduct, *see id.* at 9.22(g); he has demonstrated indifference to making restitution, *see id.* at 9.22(j); and he has substantial experience in the practice of law, *see id.* at 9.22(i).

At the time of the misconduct and of the hearing in this case, the respondent had not been previously disciplined, which is a mitigating factor. *See id.* at 9.32(a). In addition, other penalties or sanctions have been or may be imposed upon the respondent. *See id.* at 9.32(k).

We publicly censured the lawyers in *Primavera* and *Cantrell*. In the former case, we noted that "[t]he willful failure to pay court-ordered child support is serious professional misconduct, especially when the respondent was the district attorney for at least part of the time that the payments were not made. The seriousness of the misconduct would ordinarily warrant at least a short period of suspension." *Primavera*, 904 P.2d at 885. However, "given that the failure to pay the child support extended over only a four-month period and was paid in full by the time specified, that the attorney fees were ultimately paid, and that the contempt citation has been dismissed," we elected to accept the recommendation of a public censure. *Id.*

Similarly, in *Cantrell* we stated that because of "the fact that the contempt citations have been dismissed as a result of the respondent's settlement with his former spouse, we elect to accept the conditional admission and the inquiry panel's recommendation of a public censure." *Cantrell*, 900 P.2d at 128.

The magnitude of the respondent's willful failure to pay child support, the length of time this misconduct has continued, and the fact that the finding of contempt against the respondent has not been dismissed, easily distinguish this case from *Primavera* and *Cantrell*.

We disbarred the lawyer in *Kolenc*, but the misconduct in that case extended far beyond not paying child support. *See Kolenc*, 887 P.2d at 1027. The lawyer in *Tucker* was suspended for six months for willfully failing to pay court-ordered child support. *See Tucker*, 837 P.2d at 1228–29. The amount of back child support owed in *Tucker* was less than $8,000, an amount that pales in comparison with the over $55,000 due in this case.

We conclude that a suspension for one year and one day, with its automatic requirement of reinstatement proceedings, together with the necessity of satisfying his child support obligations as a condition of reinstatement, is an appropriate sanction for this respondent. We therefore accept the hearing panel's and board's recommendations. Because the respondent's willful failure to pay child support in this case is unrelated to the misconduct leading to his current two-year suspension, we have elected to make the periods of suspension run consecutively. The instant suspension for a year and a day will commence two years after the effective date of the suspension imposed in *Hanks*, 967 P.2d 141.

### III.

Accordingly, it is hereby ordered that Don Kenneth Hanks, Jr., is suspended from the practice of law for one year and one day, effective upon the expiration of the two-year suspension the respondent is currently serving. It is further ordered that, prior to reinstatement, and as a condition thereof, the respondent must demonstrate that he has satisfied all child support obligations imposed by the Larimer County District Court in case No. 93DR623, or any other court acquiring jurisdiction to enforce the child support orders. It is further ordered that the respondent pay the costs of this proceeding in the amount of $124.35 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. The respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).