**In the Matter of Brian David GREEN, Attorney-Respondent.**

No. 98SA502.

Supreme Court of Colorado.

May 24, 1999.

Linda Donnelly, Attorney Regulation Counsel Deborah A. Elsas, Assistant Regulation Counsel Denver, Colorado

No Appearance By or on Behalf of Attorney-Respondent.

PER CURIAM.

The respondent in this lawyer discipline case, Brian David Green, defaulted before the grievance committee and he has not appeared in this court. A hearing panel of the grievance committee approved the findings and recommendation of a hearing board that Green be suspended for a year and a day, with conditions, for failure to pay court-ordered child and spousal support. We accept the board's and panel's recommendations, with certain modifications.

## I. *The Default Proceedings*

Brian David Green was admitted to practice law in Colorado in 1995. Because he did not answer the formal complaint filed in this case, a default was entered against him, and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

Green's marriage to Margaret K. Marcucci was dissolved on January 7, 1993, in the District Court of the Fourth Judicial District in Nevada. Green was ordered to pay monthly child support in the amount of $100 for each of his three children. He was also ordered to pay spousal support of $500 a month for forty-eight months, as well as certain medical expenses. In dismissing Green's appeal, the Nevada Supreme Court found that "much of [Green's] inability to meet his support obligations stems from his own decisions and unwillingness to obtain work that is commensurate with his true potential earning capacity." *Green v. Marcucci,* No. 26,004 (Nev. Mar. 1, 1996) (order dismissing appeal).

As of August 1998, Green was $11,094.68 in arrears on child support payments. He also owed $22,900 in spousal support, plus $904.57, as of May 11, 1998, the day the complaint was filed. Green did not file his attorney registration in 1998 which requires a lawyer to certify whether he or she is in arrears on a child support obligation. *See* C.R.C.P. 227(A)(2)(a). On September 18, 1998, Green was placed on immediate suspension because he was in default in his child support payments. *See* C.R.C.P. 251.8(b).

The hearing board concluded that Green thereby violated Colo. RPC 8.4(d) (engaging

in conduct prejudicial to the administration of justice), and 8.4(h) (engaging in conduct adversely reflecting on a lawyer's fitness to practice law).

## II. *The Sanction*

The hearing panel approved the board's recommendation which follows. Green should be suspended for one year and one day; provided that, if at any time prior to the expiration of the year and a day, Green demonstrates to the supreme court that he has paid his past due child support obligation, negotiated a payment plan approved by the appropriate court, or filed a well-grounded motion to modify the court-ordered support obligation, *see* C.R.C.P. 251.8(b)(3), he shall be reinstated. If Green is reinstated prior to the expiration of the year and a day, he should be placed on probation for three years. *See* C.R.C.P. 251.7. The conditions of probation are: (1) Each month Green shall certify to the Office of Attorney Regulation Counsel that he is in full compliance with his court-ordered child support obligation; and (2) Green shall not violate any of the Rules of Professional Conduct. If Green is not reinstated before the expiration of the year and a day suspension, then he must petition for reinstatement pursuant to C.R.C.P. 251.29.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22; *see People v. Hanks*, 967 P.2d 144, 145 (Colo.1998); *People v. Tucker*, 837 P.2d 1225, 1227 (Colo. 1992).

The board found the following aggravating factors applicable. Green's failure to resolve his child support debt evidences a selfish motive, *see* ABA *Standards* 9.22(b); he has refused to acknowledge the wrongfulness of his conduct, *see id.* at 9.22(g); and Green's children are vulnerable victims, *see id.* at 9.22(h). Since Green did not participate in these proceedings, the only mitigating factor the board found was that he has no prior discipline in the short period of time he has been licensed to practice in Colorado. *See id.* at 9.32(a).

This case is similar to *Hanks*, 967 P.2d 144, in which we suspended the lawyer for a year and a day for willfully failing to comply with his court-ordered child support obligations. *See id.* at 146. Hanks was over $55,000 behind on his child support. *See id.* The amount of arrearages in this case— $11,094.68 in child support payments and $22,900 in spousal support—support a like period of suspension in this case.

Probation was not a disciplinary option when we suspended Hanks. The rule governing probation, C.R.C.P. 251.7, only became effective on July 1, 1998. As the hearing board implicitly recognized, the possibility of probation is a practical and meaningful way to encourage a lawyer who is in arrears on child support to make a good-faith effort to satisfy those obligations. Accordingly, we accept the board's and panel's recommendations, with certain modifications.[1] Before Green may be reinstated prior to the expiration of a year and a day, he must demonstrate that he is current on *both* his child support and spousal support obligations, *or* that he has negotiated a payment plan approved by the appropriate court. We have determined, however, that the filing of a motion to modify his child and spousal obligations will not be sufficient for reinstatement.[2] If Green is required to petition for

---

1. Because Green has completely defaulted in these proceedings, we do not deem it necessary to issue a rule to show cause why more severe discipline is imposed before adding these conditions. *See People v. Clark*, 900 P.2d 129, 129 n. 1 (Colo.1995).

2. Green has been under immediate suspension since August 1998 and has defaulted in these proceedings. He has apparently taken no steps whatsoever to satisfy or modify his support obligations. This case, which began as an immediate suspension because of Green's failure to pay children support, has now gone to disciplinary proceedings. In addition to failing to pay child support, the basis of the immediate suspension, *see* C.R.C.P. 251.8(b)(3), Green is also being disciplined for his failure to pay court-ordered spousal support. A well-grounded motion to modify his child support obligations will not vindicate these heightened interests.

reinstatement under C.R.C.P. 251.29 because he is not reinstated prior to a year and a day after this suspension starts, he will be required to demonstrate prior to reinstatement that he has either satisfied his past due child support *and spousal support* obligations or, if he has negotiated a payment plan approved by the appropriate court, that he is current with his obligations under the plan.

### III.

It is hereby ordered that Brian David Green is suspended for one year and one day, effective immediately upon the release of this opinion. However, if at any time prior to the expiration of the year and a day, Green demonstrates to the Presiding Disciplinary Judge that he has paid his past due child support and spousal support obligations, or negotiated a payment plan approved by the appropriate court, he shall be reinstated. If Green is reinstated prior to the expiration of the year and a day, he shall be placed on probation for a period of three years. The conditions of such probation are: (1) Each month Green shall certify to the Regulation Counsel that he is in full compliance with his court-ordered child support and spousal support obligations; and (2) Green shall not violate any of the Rules of Professional Conduct. If Green is not reinstated before the expiration of the year and a day suspension, then he must petition for reinstatement pursuant to C.R.C.P. 251.29. Prior to reinstatement under C.R.C.P. 251.29, and as a condition thereof, Green must establish that he has either satisfied his past due child support and spousal support obligations or, if he has negotiated a payment plan approved by the *appropriate court, that he is* current with his obligations under the plan. Finally, Green shall pay the costs of this proceeding in the amount of $149.34 within thirty days after the release of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.