The PEOPLE of the State of Colorado, Complainant,

v.

Gary C. JOHNSON, Respondent.

No. 99PDJ036.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Dec. 17, 1999.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY, MARK ACHEN, a representative of the public, and DOROTHY A. RADAKOVICH, Esq.

## OPINION AND ORDER IMPOSING SANCTIONS

### SANCTION IMPOSED: ONE YEAR AND ONE DAY SUSPENSION

A sanctions hearing was held on July 27, 1999 pursuant to C.R.C.P. 251.15(b). Debora D. Jones represented the People of the State of Colorado (the "People"). Gary C. Johnson ("Johnson") appeared *pro se*.

On March 10, 1999, the People filed a Complaint in this matter. The Complaint and Citation were served upon respondent by certified mail on March 11, 1999. Although Johnson signed for receipt of the Complaint and Citation, he failed to file a responsive pleading. Default judgment entered against respondent by Order of this court on May 19, 1999. The factual allegations in the Complaint were deemed admitted. *See In the Matter of Michael F. Scott*, 979 P.2d 572, 573 (Colo.1999).

The People presented testimony from Karen Bershenyi, an investigator from the Office of Attorney Regulation Counsel. Johnson testified on his own behalf. The People's Exhibits 2 and 3 were admitted into evidence. The Presiding Disciplinary Judge ("PDJ") and Hearing Board considered argument of the parties, the facts established by the entry of default, the testimony of the witnesses, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence:

### I. FINDINGS OF FACT

Johnson has taken and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on October 19, 1982, and is registered upon the official records of the Court as attorney registration number 12340. Johnson is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

On January 22, 1990, a decree of dissolution was entered dissolving the marriage of Johnson and his wife. As part of the dissolution proceeding, Johnson was ordered to pay child support for his three children. In November 1990, Johnson was laid off from his employment, and he began making payments in an amount less than that ordered by the court. In August 1991, Johnson sought modification of the child support order. Although the court granted Johnson's motion to reduce the child support payment, Johnson made no payments, even in the reduced amount, until August 1992. In February 1993, pursuant to a contempt citation originally sought by his ex-wife, the court found that Johnson had failed to pay child support despite his ability to do so. The court found respondent in willful contempt of court and sentenced him to ninety days in jail. Upon Johnson's motion to reconsider, the court later modified the sentence but did not change its findings of willful contempt. Johnson served five days of the jail sentence.

On November 9, 1994, pursuant to a stipulation entered into between Johnson and his ex-wife, a judgment in the amount of $20,909.30 was entered against Johnson for his child support arrearages through August 31, 1994. The parties agreed to waive interest upon the condition that Johnson remain current on his monthly arrearage payments. Although Johnson remained current on monthly child support payments until November 1996, he failed to make any payment toward the judgment for child support arrearages. In November 1996, Johnson failed to pay either the current child support payment or the arrearage payment.

Between November 1996 and April 1997, Johnson made no payments for child support or upon the outstanding arrearages. On April 18, 1997, the district attorney's office filed an advance notice of activation of income assignment for child support and payment towards the child support arrearage judgment. Johnson filed an objection to the income assignment and the matter was set for a hearing. However, Johnson failed to appear at the hearing and the court found that he had abandoned his objection to the income assignment.

In this disciplinary proceeding, Johnson did not respond to the Complaint, and, although ordered to do so, did not appear for the At Issue Conference scheduled for May 19, 1999. By Order dated May 19, 1999, the PDJ directed Johnson to respond in writing and state his reasons for failing to appear at

the conference. Johnson failed to do so.[1] As of February 28, 1999, Johnson was in arrears on child support in the amount of $36,126.50.

## II. CONCLUSIONS OF LAW

◼ Johnson failed to comply with child support orders entered in conjunction with the decree of dissolution of marriage and the subsequent modification of the amount of monthly child support to be paid. A district court of this state determined that Johnson had failed to comply with the court's orders of child support despite having the ability to do so, and found Johnson in willful contempt.[2] By willfully failing to comply with the court-ordered child support obligations, Johnson violated The Colorado Rules of Professional Conduct ("Colo.RPC") 3.4(c) (an attorney shall not knowingly disobey an obligation under the rules of a tribunal).

Johnson and his ex-wife entered into a stipulation regarding pre–1995 arrearages which resulted in the district court entering a judgment against Johnson in the amount of $20,909.30. The stipulation between the parties provided that so long as Johnson remained current on the monthly arrearage payments called for in the agreement, interest would be waived. Johnson made no payments under the agreement or in partial satisfaction of the judgment. As a direct consequence of Johnson's failure to abide by his agreement and pay the arrearages pursuant to the agreement, as well as his continuing failure to pay current child support obligations, the district attorney filed an advance notice of activation of income assignment and scheduled a hearing. Notwithstanding his formal objection to the income assignment, Johnson failed to appear at the hearing. By

so doing, Johnson directly delayed and altered the course of court proceedings concerning the income assignment and thereby prejudiced the administration of justice. *See People v. Hotle*, 35 P.3d 185 (Colo.P.D.J. 1999). Consequently, Johnson violated Colo. RPC 8.4(d)(an attorney shall not engage in conduct prejudicial to the administration of justice).[3]

Having violated Colo. RPC 3.4(c) and Colo. RPC 8.4(d) by his misconduct, Johnson has also violated Colo. RPC 8.4(a)(an attorney shall not violate the rules of professional conduct).

## III. SANCTIONS / IMPOSITION OF DISCIPLINE

◼ The PDJ and Hearing Board found that Johnson's conduct constituted a violation of duties owed to the legal system, the profession and to the public. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 6.22 provides:

Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

The Commentary to ABA *Standard* 6.22 further provides:

In many cases, lawyers are suspended when they knowingly violate court orders. Such knowing violations can occur when a lawyer fails to comply with a court order

---

1. In a separate proceeding, *People v. Johnson,* 99PDJ029, Johnson was immediately suspended by Order of the PDJ pursuant to C.R.C.P. 251.8.5 on March 26, 1999, for being in arrears on child support payments.

2. The record in this case does not establish whether the contempt entered by the district court was punitive or remedial in nature. *See* C.R.C.P. 107(4) and C.R.C.P. 107(5). However, under the circumstances of this case where proof of misconduct must be established by clear and convincing evidence, willfulness was established by the entry of default and the type of contempt

entered by the district court makes no difference. *See In re the Marriage of Nussbeck,* 974 P.2d 493 (Colo.1999).

3. The People also charged Johnson with a violation of Colo. RPC 8.4(h) based on the same conduct relied upon to establish the violation of Colo. RPC 8.4(d). A violation of Colo. RPC 8.4(h) cannot arise from the same misconduct upon which a violation of Colo. RPC 8.4(d) is premised. Consequently, the charged violation of Colo. RPC 8.4(h) is dismissed. *People v. Righter,* 35 P.3d 159 (Colo.P.D.J.1999), 28 COLO. LAW. 140–41 (Sept.1999).

that applies directly to him … as in the case of lawyers who do not comply with a divorce decree ordering spousal maintenance or child support.

■ Johnson's misconduct meets the criteria under ABA *Standard* 6.22. A sanction of one year and one day is the presumptive sanction imposed in Colorado for willful failure to comply with court-ordered child support obligations. *See In re the Matter of Green*, 982 P.2d 838, 839 (Colo.1999)(suspending attorney for one year and one day with conditions for failure to pay court-ordered child and spousal support); *People v. Hanks*, 967 P.2d 144, 145 (Colo.1998) (suspending attorney for one year and one day for willfully failing to comply with court-ordered child support obligations).

The PDJ and Hearing Board considered certain factors in aggravation pursuant to ABA *Standards* 9.22. The People offered evidence in aggravation that Johnson has had prior discipline in the nature of two letters of admonition for unrelated misconduct, *see. id.* at 9.22(a); Johnson had a selfish motive, *see id.* at 9.22(b); and that Johnson engaged in bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, *see id.* at 9.22(e). The PDJ and Hearing Board considered the following factors in mitigation: other sanctions or penalties have been imposed against Johnson by his serving a jail sentence for being held in contempt of court, *see id.* at 9.32(k); and Johnson has expressed remorse for his conduct, *see id.* at 9.32(l). Although Johnson expressed remorse for failing to pay the required child support and violating both the court's orders and his agreement to pay arrearages, no evidence was submitted suggesting that Johnson had made any effort to reduce the arrearages owed since the filing of this action or the entry of the order of immediate suspension pursuant to C.R.C.P. 251.8.5. Ac-

cordingly, his expression of remorse, as opposed to conduct reflecting remorse, is not a significant factor in mitigation.

Accordingly, the PDJ and Hearing Board herein suspend Johnson for one year and one day, effective thirty-one days from the date of this Order. However, if at any time prior to the expiration of the year and a day, Johnson demonstrates to the PDJ that he has paid his past due child support obligations, or negotiated a payment plan approved by the appropriate court, he may apply for reinstatement.[4] Prior to reinstatement from this disciplinary sanction and as a condition thereof, Johnson must establish that he has either satisfied his past due child support obligations, or has negotiated a payment plan approved by the appropriate court and is current with his obligations under the plan. If Johnson is reinstated prior to the expiration of the year and a day suspension period, he shall be placed on probation for a period of three years, subject to the following conditions: (1) Johnson shall certify to the Office of Attorney Regulation Counsel each month that he is in full compliance with his court-ordered child support obligations, and (2) Johnson shall not violate any of The Rules of Professional Conduct. If Johnson is not reinstated before the expiration of the year and a day suspension, then he must petition for reinstatement pursuant to C.R.C.P. 251.29.

### IV. ORDER

It is therefore ORDERED:

1. Gary C. Johnson, registration number 12340, is SUSPENDED from the practice of law effective thirty-one days from the date of this Order, for a period of one year and one day, upon the conditions set forth herein;

---

4. As in *Green*, 982 P.2d at 839, n. 2, the PDJ and Hearing Board have concluded that the filing of a motion to modify the child support obligation is not sufficient to qualify Johnson for reinstatement from this disciplinary sanction. The discipline imposed in this disciplinary case arises not only from Johnson's failure to comply with the district court's child support order, it also arises from his misconduct which caused prejudice to the administration of justice. *See* C.R.C.P. 251.8.5. Moreover, submission of a motion to modify, although recognized as a basis for reinstatement from the C.R.C.P. 251.8.5 suspension, neither rectifies the consequences of Johnson's misconduct for which this disciplinary sanction is, in part, imposed, nor constitutes timely mitigation of his wrong doing.

2. Johnson is ORDERED to pay the costs of these proceedings within sixty (60) days of the date of this Order.

3. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.