The PEOPLE of the State of
Colorado, Complainant

v.

Joseph James VERCE, Respondent.

No. 11PDJ076.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

June 11, 2012.

## DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

On May 1, 2012, the Presiding Disciplinary Judge ("the Court") held a sanctions hearing pursuant to C.R.C.P. 251.19(c). Elizabeth E. Krupa appeared on behalf of the Office of Attorney Regulation Counsel ("the People"), and Joseph James Verce ("Respondent") did not appear. The Court now issues the following "Decision and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

### I. SUMMARY

Respondent violated Colo. RPC 3.4(c) by knowingly disobeying a court order to pay child support and Colo. RPC 8.4(d) by failing to pay child support. After considering the nature of Respondent's misconduct and its consequences, the aggravating factors, and the scarcity of countervailing mitigating factors, the Court finds the appropriate sanction for Respondent's misconduct is suspension for one year and one day.

### II. PROCEDURAL HISTORY

On June 23, 2011, in case number 11PDJ039, Respondent was immediately suspended pursuant to C.R.C.P. 251.8.5(b) for failing to pay child support. Respondent remains suspended. The People filed a complaint in this matter on October 11, 2011, setting forth two claims for relief based on violations of Colo. RPC 3.4(c) and 8.4(d). The People mailed the complaint on that date by certified and regular mail to Respondent's

registered business address. Respondent failed to answer the complaint.

On January 4, 2012, the People filed a motion for default, to which Respondent did not respond. The Court granted the People's motion and entered default on all claims in the People's complaint on January 30, 2012. Upon the entry of default, the Court deems the well-pled facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[1]

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case as fully detailed in the admitted complaint.[2] Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on October 2, 1983, under attorney registration number 12084. He is thus subject to the Court's jurisdiction in these proceedings.[3]

On October 28, 2008, Respondent was ordered by the La Plata County District Court ("district court") in case number 06DR312 to pay $587.35 per month in child support to his ex-wife, Melanie Williams–Verce ("Williams–Verce"). Respondent was present at the time the district court entered this order. Respondent has paid no child support since April 1, 2010.

On January 19, 2011, Willams–Verce filed a verified entry of support judgment with the district court, indicating that Respondent owed $5,930.00 in child support, with accrued interest of $299.64. Respondent has not participated in this disciplinary matter.[4] At the time of the hearing, it is estimated that Respondent owes approximately $15,000.00 in child support arrearages.[5]

By knowingly disobeying a court order to pay child support, Respondent violated Colo. RPC 3.4(c), which states that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal. Respondent also violated Colo. RPC 8.4(d), which provides that it is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice. By failing to pay child support from April 1, 2010, to the present, in violation of the district court's order, Respondent has acted in contravention of the district court's authority.

## IV. SANCTIONS

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[6] In imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, the actual or potential injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* By neglecting to pay court-ordered child support, Respondent failed to obey an obligation under the rules of a tribunal. As an officer of the court, Respondent is expected to abide by the legal rules of substance and procedure.[7] By ignoring the court order, Respondent violated duties owed to the legal system and engaged in conduct prejudicial to the administration of justice.

*Mental State:* Respondent knowingly disobeyed the district court's October 28, 2008, child support order by failing to make any

---

1. See *People v. Richards*, 748 P.2d 341, 346 (Colo. 1987); C.R.C.P. 251.15(b).

2. See Compl. for further detailed findings of fact.

3. See C.R.C.P. 251.1(b).

4. Nor did Respondent participate in his immediate suspension hearing.

5. As of June 1, 2012, Respondent has failed to pay his monthly $587.35 support obligation for the past 26 months, including interest.

6. See *In re Roose*, 69 P.3d 43, 46–47 (Colo.2003).

7. See ABA *Standard* 6.0.

child support payments from April 1, 2010, through the present.

*Injury:* Respondent caused actual injury to the legal system, the public and his minor child. His conduct caused injury to the legal system by interfering with the administration of justice. He harmed the public by acting in a manner that undermines the public's expectation that lawyers will abide by the legal rules of substance and procedure. Moreover, Respondent harmed his minor child by failing to pay court-ordered child support to which his child was entitled.

### ABA *Standard* 9.0—Aggravating & Mitigating Factors

Aggravating circumstances include any considerations or factors that may justify an increase in the degree of discipline to be imposed,[8] while mitigating circumstances may justify a reduction in the severity of the sanction.[9] The Court considered evidence regarding the following aggravating circumstances, but because Respondent did not participate in the disciplinary proceedings, the Court is aware of only one mitigating factor.

*Prior Disciplinary Offenses—9.22(a):* Respondent received a letter of private admonition from the Colorado Supreme Court on November 25, 1991.

*Dishonest or Selfish Motive—9.22(b):* Respondent acted with a dishonest or selfish motive by failing to resolve his court-ordered child support debt.[10]

*Substantial Experience in the Practice of Law—9.22(i):* Respondent was admitted to the bar in 1983. The misconduct at issue here reflects particularly poorly on such a long-standing practitioner.

*Remoteness of Prior Offenses—9.32(m):* Respondent's prior discipline took place in 1991. The Court regards the existence of

the prior discipline and the remoteness of that offense as offsetting each other, and therefore it considers these factors neither in mitigation nor aggravation.

### Analysis Under ABA *Standards* and Colorado Case Law

Under the ABA *Standards,* the presumptive sanction for Respondent's misconduct is suspension. ABA *Standard* 6.22 provides that suspension is appropriate when a lawyer knowingly violates a court order or rule and there is injury or potential injury to a client or a party. Likewise, ABA *Standard* 7.2 states that suspension is generally appropriate when a lawyer knowingly engages in conduct that violates a duty owed to the legal profession and thereby causes injury or potential injury to a client, the public, or the legal system.

Colorado Supreme Court case law supports the imposition of a suspension for failure to pay child support. In *In re Green,* the Colorado Supreme Court imposed a suspension of one year and one day upon an attorney who was immediately suspended for defaulting on his child support obligation and, who knowingly over a five-year period, failed to pay over $33,000.00 of court-ordered child and spousal support.[11]

A suspension of one year and one day was also imposed upon an attorney for willfully failing to pay child support in *People v. Hanks.*[12] In *Hanks,* the attorney was ordered to pay $20,000.00 in past-due child support and $1,500.00 per month for his three children going forward.[13] Although the attorney in *Hanks* had contributed some money towards child support, he made little or no payments over a three-year period.[14] He was $55,282.62 in arrears on his support obligations at the time of the disciplinary hearing.[15]

---

8. *See* ABA *Standard* 9.21.

9. *See* ABA *Standard* 9.31.

10. *See In re Green,* 982 P.2d 838, 839 (Colo.1999) (stating that attorney's failure to resolve child support debt evidences a selfish motive); *People v. Hanks,* 967 P.2d 144, 145 (Colo.1998) (same).

11. 982 P.2d 838, 838 (Colo.1999).

12. 967 P.2d 144, 145 (Colo.1998).

13. *Id.*

14. *Id.*

15. *Cf. People v. Tucker,* 837 P.2d 1225, 1226–29 (Colo.1992) (imposing a six month suspension on an attorney who willfully failed to pay $8,000.00 in court-ordered child support during a twelve

The ABA *Standards* and Colorado case law establish that a suspension of one year and one day is appropriate in this case. Like the attorneys' conduct in *Green* and *Hanks*, Respondent here has neglected to pay a significant amount of child support-over $15,000.00. Furthermore, there is no indication that Respondent has paid his past-due child support obligation or negotiated a payment plan to take steps toward compliance with the child-support order. Indeed, at present, Respondent remains immediately suspended from the practice of law for his failure to meet his child support obligations. Accordingly, the appropriate sanction for Respondent's misconduct is a suspension for one year and one day.

## V. *CONCLUSION*

Admission to the Colorado bar obligates attorneys to adhere to high moral and ethical standards. Respondent knowingly disobeyed a court order and engaged in conduct that is prejudicial to the administration of justice when he failed to pay a significant sum of court-ordered child support for more than two years. In light of the serious actual and potential harm Respondent has caused, the applicable aggravating factors, and the scarcity of mitigating factors, the Court concludes Respondent should be suspended for one year and one day.

## VI. *ORDER*

The Court therefore **ORDERS:**

1. Joseph James Verce, Attorney Registration Number 12084, is hereby **SUSPENDED FOR ONE YEAR AND ONE DAY.** The **SUSPENSION SHALL** become effective upon issuance of an "Order and Notice of Suspension." [16]

2. Respondent **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before July 2, 2012.** No extensions of time will be granted.

3. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** submit a "Statement of Costs" within **14 days** of the date of this order. Respondent **SHALL** have **7 days** within which to respond.

---

month period.); *People v. Kane,* 655 P.2d 390, 392–93 (Colo.1982) (imposing a three-year suspension on an attorney for failing to honor a child support order where several factors aggravated his misconduct including: being held in contempt twice for willful disobedience of a court order, eluding arrest, and abusing the judicial process by expending unnecessary judicial resources).

**16.** In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.