JUDGE FOX, specially concurring.
¶ 20 I concur with the majority's conclusion that article XXVIII, section 9(2)(a) of the Colorado Constitution did not authorize McGihon to seek enforcement of the ALJ's attorney fees order. I write separately to highlight the concession made during oral argument that neither Peck nor Cave challenges the validity of the ALJ's attorney fees order-only the enforcement, under article XXVIII, section 9(2)(a). Given this concession, in my view, Peck's apparent disregard for the ALJ's order-coupled with her failure to explain the apparent lack of effort to arrange to comply with the order-may indicate a violation of her duties as a Colorado attorney. As an attorney licensed to practice law in Colorado, Peck has certain duties that may not bind her client, Cave (assuming he is not a lawyer). See generally Colo. RPC. For example, Colorado attorneys cannot knowingly disobey an obligation under the rules of a tribunal, Colo. RPC 3.4(c), and cannot engage in conduct that is detrimental to the *653 administration of justice, Colo. RPC 8.4(d).[1] See also People v. Verce , 286 P.3d 1107, 1108 (Colo.O.P.D.J.2012) (concluding that a year-and-a-day suspension was appropriate for an attorney who disobeyed a court order to pay child support, resulting in substantial arrearages, thereby violating Colo. RPC 3.4(c) and Colo. RPC 8.4(d) ).

As a Colorado attorney, McGihon's counsel has like constraints. And, although a judge of this court can note the apparent disciplinary violations, counsel is not at liberty to threaten disciplinary proceedings to enforce the ALJ's order. See Colo. RPC 4.5.